## VAN BRUNT & SONS v. VAUGHN.

1. **Promissory Notes:** NOTICE OF PROTEST: TRANSMISSION TO ONE INDORSER. The transmission of notices of the protest of commercial paper under one cover to one of the indorsers in the town where they all reside, for distribution and delivery to his co-indorsers, is sufficient to charge them all with notice, provided the party to whom they are sent shall again mail them to the proper parties.

*Appeal from Pottawattamie District Court.*

SATURDAY, OCTOBER 20.

ACTION against the indorser of commercial paper. There was a judgment in the District Court for plaintiffs; defendant appeals. The facts of the case appear in the opinion.

*John H. Keatley,* for appellant.

*Smith & Carson,* for appellees.

BECK, J.—The plaintiffs, defendant, and two others, all residents of Council Bluffs, were indorsers of a draft which was protested for non-payment in Little Rock, Arkansas, where the acceptor resided, or was, at the time, doing business. Notices of non-payment to all the indorsers were sent, by the notary making the protest, through the mail, under one cover addressed to one of the indorsers at Council Bluffs. This indorser gave the notices addressed to the other indorsers to plaintiff, who deposited the notice directed to defendant in the post-office at Council Bluffs, properly directed to him. Notice to another indorser, who is sued with defendant, was sent in the same way and was received by him. It is not shown that defendant, who

1. PROMISSORY note: notice of protest: transmission to one indorser.

VOL. XLVII—10

alone appeals, received the notice sent him. It is now insisted by defendant that the sending of the notice to one indorser by mail and the deposit thereof, properly directed, in the post-office by such indorser, as above stated, is not sufficient to charge the defendant as an indorser of the paper. This position presents the only question in the case.

The notary was authorized to transmit the notices to the indorsers by mail, and if they were so directed and sent that, in the usual course of the mail, defendant would have received them, it is sufficient. The notary may employ proper means and instrumentalities to secure the deposit of the notices in the post-office. So he can use proper instrumentality, if any be necessary, to secure their transmission by the mail. If it be necessary in thus transmitting them to re-deposit them in the post-office with new directions, so that they may reach the indorser in due time and by due course of the mail, this may be done. The mail is used in this manner as the medium of the transmission of the notices, and the instrumentalities used for the re-deposit and re-direction of the notices are but means necessary to secure the transportation of the notices by mail from the notary to the indorser.

The transmission of notices of the protest of commercial paper through a party thereto, who re-deposited them in the post-office of the persons to whom they were directed, has been held sufficient in more than one well considered case. See *Hartford Bank v. Stedman*, 3 Conn , 489; *Eagle Bank v. Hathaway*, 5 Met., 212; *Manchester Bank v. Fellows*, 8 Foster, 302; *Warren v. Gilman*, 17 Me., 360. But a different rule was recognized in *Sheldon v. Benham*, 4 Hill, 129. The weight of authority, as well as reason, seems to support the rule we adopt. The judgment of the District Court is

AFFIRMED.