FIRST NATIONAL BANK OF LYNN *vs.* JOHN R. SMITH & others.

Essex. November 4, 1880; January 30. — February 27, 1882.

If the holder of a note sends it to an agent for collection, it is sufficient to hold a prior indorser, if the agent gives notice of the dishonor in due time to his principal, and if the latter without delay transmits notice to the prior indorser. And, if the holder is a bank, a writing on the back of the note, " Pay A. on account of B. Bank," is a sufficient indorsement, although not signed by any officer, to constitute the B. bank an indorser within this rule.

MORTON, C. J. This is an action against the defendants as indorsers of a promissory note. The only question is whether due notice of the nonpayment of the note was given to them. Upon this question the following facts appeared at the trial:

The plaintiff, being the holder of the note, sent it before maturity to the National Bank of Redemption of Boston, of which city the maker was a resident, having first stamped upon the back, " Pay Nat'l Bank of Redemption or order for account of First Nat'l Bank of Lynn, Mass." On the day of its maturity a notary public, at the request of the National Bank of Redemption, made demand of payment upon the maker, which was refused. The next day was Sunday, and on the Monday following, being July 7, 1879, the notary public enclosed a notice to the defendants in an envelope directed to the cashier of the plaintiff bank; said notice was received by the cashier on the morning of the 8th of July, and was by him put into the post-office on the afternoon of the same day, directed to the defendants at Salem, their place of residence. The court rightly ruled that this was a sufficient notice to bind the indorsers.

The defendants do not deny that the stamping or printing the indorsement upon the back of the note by the plaintiffs was intended to have, and in law has, the same effect as if it had been written by the hand of the cashier; but they contend that the words " for account of " qualify the indorsement, so that the plaintiff is not to be treated as the last indorser entitled to notice of nonpayment of the note.

It cannot be doubted that the purpose and effect of this indorsement was to negotiate the note to the bank in Boston, so as to enable it to demand and receive payment of the maker. The

words "for account of" merely indicate the relations which the two banks hold to each other in the transaction. At the most, they show that the note was indorsed to the bank in Boston, not upon a valuable consideration, but for collection.

The question is not whether the plaintiff was entitled to notice of the dishonor, but what are the duties of an agent to whom the holder of a note sends it for collection, and what is the effect upon the rights of indorsers as to notice. Mr. Justice Story states the rule to be, that, if a bill has been transmitted to an agent or banker for collection, " he will be entitled to the same time, to give notice to his principal or customer, and to the other parties to the bill, as if he were himself the real holder, and his principal or customer were the party next entitled to notice; and the principal or customer will be entitled, after such notice, to the like time, to communicate notice to the antecedent parties, as if he received the notice from the real holder, and not from his banker or agent." Story on Bills, § 292.

In *United States Bank* v. *Goddard*, 5 Mason, 366, the same eminent jurist says that " an agent, upon the dishonor of a note remitted to him to procure payment, is bound to give notice of the dishonor to his principal, and transmit to him the proper evidence of it; but he is not bound to give any notice to other parties on the note; " and that " all that is required by law is, that the holder should give notice to the indorser in a reasonable time after he has knowledge of the dishonor, and that there should be no laches in getting that knowledge, if an agent has been employed."

So it has been repeatedly held in this Commonwealth that, if the holder of a note sends it to a bank or other agent merely for·collection, it is sufficient to hold prior indorsers if the agent gives notice of the dishonor in due time to his principal, and if he without delay transmits notice to the prior indorser. *Colt* v. *Noble*, 5 Mass 167. *Church* v. *Barlow*, 9 Pick. 547. *Eagle Bank* v. *Hathaway*, 5 Met. 212. *Phipps* v. *Millbury Bank*, 8 Met. 79. *Wamesit Bank* v. *Buttrick*, 11 Gray, 387. *True* v. *Collins*, 3 Allen, 438.

It does not appear, in all of these cases, whether the holder indorsed the note so as to appear to be one of the parties to it;

but if this would make any difference in the rule, it is of no consequence in this case; because the plaintiff, who was the holder, did indorse the note. The words stamped upon the note were an order to pay the Bank of Redemption, to which the corporate name of the plaintiff bank was affixed. This, if so intended, was a good indorsement, without the signature of any officer, and there is nothing in the case to control the inference that the plaintiff intended thereby to indorse the note. This indorsement transferred the title in the note to the Bank of Redemption as effectually as a general indorsement in blank would have done. By it, that bank became the holder, entitled to demand and receive payment of it, and to sue in its own name the maker or first indorser. It might not be able to maintain a suit against its principal, the plaintiff, but this would be equally true if the indorsement had been a general indorsement in blank. The right of the parties as between themselves would be the same in either case. The fact that it appears on the face of the indorsement that it is made to an agent, for collection, does not enlarge or change the duties of the agent. It was its duty to demand payment, and, if the note was dishonored, to give seasonable notice to its principal.

As it appears in this case that the agent gave seasonable notice of the dishonor to the plaintiff, and that the plaintiff in due time transmitted notice to the defendants, it follows that the ruling of the Superior Court was correct, and that the defendants are liable.                    *Exceptions overruled.*

*C. Sewall*, for the defendants.

*C. W. Richardson*, for the plaintiff.