THE ALDINE MANUFACTURING COMPANY *v.* WARNER *et al.*

1. Under the law of this State, where a promissory note is made payable at a chartered bank, not only indorsers for value, but all other persons whose indorsements are essential to the due transmission of title, as distinguished from mere sureties by indorsement, are entitled to notice of non-payment and of protest; and the fact that the notary who protested such a paper sent by post to the last indorser notices of its non-payment and protest, addressed to each of the prior indorsers, is not of itself sufficient to bind a prior indorser who did not receive notice, although his residence was unknown to the notary, it not appearing that it was unknown to the indorsers succeeding him in the order of indorsement, or that notice was actually mailed to him.
2. The evidence being conflicting as to whether there was a waiver of notice, and there being no complaint of the charge of the court in that respect, and the jury having found in favor of the indorser pleading want of notice, the discretion of the trial judge in overruling the motion for a new trial will not be interfered with.
   July 8, 1895.

Complaint on note. Before Judge WESTMORELAND. City court of Atlanta. November term, 1894.

HALL & HAMMOND and L. P. SKEEN, for plaintiff.

H. L. CULBERSON, KING & ANDERSON and C. B. REYNOLDS, for defendants.

SIMMONS, Chief Justice.

The Aldine Manufacturing Company sued Warner as maker and Scott as indorser, on a promissory note which was signed by Warner and was payable to the order of Scott, "at the Exchange Bank," and indorsed by Scott. There was a verdict in favor of the plaintiff, and a new trial was granted, to which ruling the plaintiff excepted and brought the case to this court, by which the judgment of the court below was affirmed at the October term, 1894. 95 *Ga.* 566. The defendant Scott pleaded, that the note was payable at a chartered bank and was left at said bank for collection; and that no notice of the protest of the same for non-payment was given to him within a reasonable time, as required by

law. Upon the second trial there was a verdict against Warner but in favor of Scott. The plaintiff moved for a new trial; the motion was overruled, and the plaintiff excepted. Besides the general grounds that the verdict was contrary to law, evidence, etc., the motion for a new trial contained the following special grounds: (1) That the court erred in charging, that "the defendant, W. M. Scott, appeared on the note as indorser, and if the evidence showed that he was an accommodation indorser, under the law he was entitled to have the paper protested, he being the indorser as well as security, and he was entitled to notice"; the error complained of being, that the defendant Scott was not entitled to notice, he being merely an accommodation indorser. (2) That the court erred in refusing to charge as follows: "If you should believe from the evidence that there were several indorsers on this note, and that the note was duly protested for non-payment at maturity, and written notice in due form was made out for all the indorsers by the notary who protested the same, and that these notices were mailed under one cover to the last indorser of the note, and that he was a foreign indorser, that is, he resided in another State, and that the residence of the other indorsers, including the defendant Scott, was unknown to the notary at the time, and that in thus acting he conformed to the universal custom of banks in sending out such notices, then the defendant Scott would be bound by the notices thus mailed. It would be a sufficient compliance with the law on this subject."

1. Under the law of this State, "when bills of exchange and promissory notes are made for the purpose of negotiation, or intended to be negotiated at any chartered bank, and the same are not paid at maturity, notice of the non-payment thereof and of the protest of the same for non-payment or non-acceptance, must be given to the indorsers thereon within a reasonable time, either

personally or by post (if the residence of the indorser be known), or the indorser will not be held liable thereon." (Code, §2781.)   This, we have held, applies to indorsers for accommodation as well as to indorsers for value; that is, to all persons whose indorsements are essential to the due transmission of title, as distinguished from mere sureties by indorsement.   (*Apple* v. *Lesser*, 93 *Ga.* 749.)   The court therefore did not err in charging that the indorser was entitled to notice.

It appears from the evidence that there were several indorsers on the note, the last being the Fourth National Bank of Grand Rapids, Michigan.   The defendant in error, Scott, resided in Atlanta, Ga.   The note when due was presented at the Exchange Bank in Atlanta for payment, and was protested.   The notary who protested it addressed to each indorser a notice of protest, and enclosed these notices in an envelope addressed to the Fourth National Bank of Grand Rapids, which he deposited in the mail.   He did not post a notice to Scott directly, nor does it appear that this was done by any of the indorsers succeeding Scott in the order of indorsement.   Scott himself testified that no such notice was received by him.   The notary knew Scott, but did not know he was the same person whose name appeared on the note, and no information had been given him as to where Scott resided.   It does not appear, however, that his place of residence was unknown to the subsequent indorsers.   It will be observed that the section of the code above quoted says that notice must be given if the residence of the indorser be known.   This duty rests upon the holder of the note; and if he knows the residence of the indorser, the fact that it is unknown to the notary is no excuse for the failure to give such notice. The holder is presumed to know the person and residence of his indorser, and it is his duty to inform the notary of his residence.   If he does not, he is guilty of

laches.   Mr. Daniel, in his work on Negotiable Instruments (vol. 2, §§1116, 1117), says: "The holder should not fail to communicate any knowledge he may have as to the residence or place of business of the party to whom the notary is to make presentment or give notice, and if he does not do so, he will be bound by any consequent mistake made by the notary, and the drawer or indorser will be discharged. And the holder will always be presumed to know the residence or place of business of his immediate indorser. When there is more than one indorser, and he cannot give the desired information as to the whereabouts of the maker or acceptor, the inquiry should be continued to the other indorsers." See also *Ibid.* §1120; Haly *v.* Brown, 5 Pa. State, 178; Lawrence *v.* Miller, 16 N. Y. 236, and cases cited. The transmission by the notary to one of the indorsers of notice addressed to a prior indorser, is not sufficient where it does not appear that the party to whom it was thus sent transmitted it in turn to the prior indorser. See Van-Brunt *v.* Vaughn, 47 Iowa, 145; Stix *v.* Mathews, 63 Mo. 371(4); First Nat. Bank of Lynn *v.* Smith, 132 Mass. 227. It follows, that the court in this case did not err in refusing to charge as requested.

2. The evidence was conflicting as to whether there was a waiver of notice; and there being no complaint of the charge of the court in that respect, and the jury having found in favor of the indorser pleading want of notice, the discretion of the trial judge in overruling the motion for a new trial will not be interfered with.

*Judgment affirmed.*