## 10053. CASEY v. OWENS.

WADE, C. J. 1. The various grounds of the demurrer are without substantial merit, and the trial judge did not err in overruling them.

2. The court erred in charging the jury that "under the statute of the State of Florida which the defendant has pleaded as a defense to the note sued upon,. the burden is upon the defendant to show by a preponderance of the evidence that notice of dishonor of the note sued upon was not given to him. Placing such notice in the mails for transmission to him within the time required by the statute so pleaded would be a sufficient compliance with the law as to notice." Under the laws of the State of Florida pleaded by the defendant, when a person not otherwise a party to an instrument places thereon his signature in blank before delivery, he is liable as an indorser; and before an indorser can be held liable on a note it is necessary that notice of dishonor by the maker be given him. The burden was therefore on the plaintiff to establish that notice of dishonor was given the defendant, and the charge complained of, having placed this burden on the defendant, was such error as to require a reversal. See, in this connection, the following cases, in which a Georgia statute similar to the Florida statute was construed. *Allen* v. *Ga. Nat. Bank*, 60 *Ga.* 347; *Apple* v. *Lesser*, 93 *Ga.* 749 (21 S. E. 171).

(a) The uncontradicted testimony of the defendant that notice of dishonoi was never received by him was sufficient proof under the Florida law; and the charge complained of was subject to the criticism that it conveyed to the jury the impression that the defendant must prove not only that he never received notice of dishonor, but that such notice was never mailed him—a burden impossible to carry unless he made the plaintiff a witness for himself.

3. No other reversible error appears from the motion for a new trial.

*Judgment reversed. Jenkins and Luke, JJ., concur.*

DECIDED JULY 17, 1919.

Compaint; from Camden superior court—Judge Highsmith. July 29, 1918.

*Emmett McElreath, John T. Vocelle,* for plaintiff in error.
*S. S. Townsend,* contra.