APPLE *v.* LESSER.

| 93 | 749 |
|----|-----|
| 96 | 372 |
| 93 | 749 |
| 97 | 145 |

| 93 | 749 |
|-----|-----|
| f127 | 113 |

1. Where a negotiable promissory note payable on its face at a bank is indorsed by the payee, whether for value or for accommodation, he is entitled to notice of nonpayment and of protest, as provided for by section 2781 of the code; and where the proof of notice relied upon is that a notice was sent to him by mail, and there is positive evidence that he never received it, the time of depositing the notice in the post-office must appear, so that it may be determined whether it was done in a reasonable time or not.

2. The evidence showing that the note was payable in the city of the indorser's residence, and there being no evidence that the notary was ignorant of his residence, and no explanation why notice was in the first instance sent by mail to a bank in another city, whence it was again mailed to the indorser at a place where he sometimes received his mail, and it not affirmatively appearing at what time the notice was posted in either instance, the plaintiff failed to show that due notice was in fact given, even if the

mailed notice was properly addressed the second time, the indorser testifying that he never received it.

3. There is no evidence from which an unconditional promise by the indorser to pay the note could rightly be inferred.

June 11, 1894.  Argued at the last term.

Action on note.   Before Judge SWEAT.   Ware superior court.   April term, 1892.

L. A. WILSON, by brief, for plaintiff in error.

HITCH & MYERS, *contra.*

SIMMONS, Justice.

Lesser sued Bennett as principal and Apple as indorser on two promissory notes, due respectively nine and twelve months after date, payable to the order of Apple at any bank in Savannah, Ga., signed by Bennett and indorsed in blank by Apple.   The notes were made at Waycross, Ga.   There was a verdict against the defendants upon one of the notes, and they made a motion for a new trial on the ground that the verdict was contrary to law and the evidence; the motion was overruled, and they excepted.   It appeared from the evidence that before the notes matured, Lesser deposited them in a bank in Augusta for collection, and the cashier of the bank forwarded them to a Savannah bank for collection.   On the day of their maturity, the cashier of the latter bank presented them to the teller of another bank in Savannah and demanded payment, which was refused, there being no funds to meet them.   The cashier who had presented the notes for payment protested them, and made out separate notices of protest, addressed respectively to Bennett, Apple, Lesser, and the cashier of the Augusta bank from which the notes had been received for collection.   All the notices were mailed to Beane, the cashier of the Augusta bank, and Beane in turn mailed to Bennett, Apple and Lesser the notices intended for them.   It does not appear from the evidence at what time the cashier of the Savannah bank mailed

the notices to Beane, nor does it appear at what time Beane mailed them to Waycross. Apple testified that he resided in Savannah, though he sometimes received his mail at Waycross, being a traveling salesman. He further testified that he had never received any notice.

1. The note upon which the recovery was had was payable at a chartered bank. Our code (§2781) declares : " When bills of exchange and promissory notes are made for the purpose of negotiation, or intended to be negotiated at any chartered bank, and the same are not paid at maturity, notice of the non-payment thereof, and of the protest of the same for non-payment . . must be given to the indorsers thereon within a reasonable time, either personally or by post (if the residence of the indorser be known), or the indorser will not be held liable thereon." Under this section, whether Apple indorsed the notes for accommodation or for value, he was entitled to notice of non-payment and of protest, and if he received no such notice he was not liable thereon. The plaintiff claimed that Apple was notified by mail, but he fails to show, either by the cashier of the bank in Savannah or by the cashier in Augusta, by whom the notices were sent, at what time they were deposited in the mail. The above section of the code declares that it must be done " within a reasonable time." As to what constitutes a " reasonable time " for this purpose, see 2 Daniel on Negotiable Instruments (4 ed.), §§1035, 1039, 1040, and authorities cited. It is there said that when the parties reside in different places, and there is mail communication between them, "the notice should be deposited in the post in time to be sent by the mail of the day after dishonor, provided such mail is not closed before early and convenient business hours of that day; in which case it must be sent by the next mail thereafter." It not appearing from the evidence in this case at what time the notices were mailed, and Apple testi-

fying that he never really received the notice, it could not be determined whether the notices were mailed in a reasonable time or not.

2. The evidence showing that Apple resided in Savannah, where the notes were made payable, and there being no proof. that the cashier of the Savannah bank was ignorant of his residence, and no reason being given why notice was sent in the first instance to the cashier of the bank in Augusta, whence the notices were mailed to Apple at Waycross, and it not affirmatively appearing at what time the notices were mailed either in Savannah or in Augusta, the plaintiff failed to show that due notice was in fact given, even if Apple had resided in Waycoss, as claimed by the plaintiff, Apple testifying that he did not receive it and there being no contradiction of his testimony.

3. There is no evidence from which an unconditional promise by the indorser to pay the note could rightly be inferred.                    *Judgment reversed.*