## BRYANT *v.* ATLANTIC COAST LINE RAILROAD CO.

119    607
Case 2
128    391

1. The cause of action for the purchase-money of land sold by a deceased owner vests in his administrator, and not in his heirs at law.

2. The petition did not allege that there were no debts and no administration, nor attempt to set up facts which would authorize a suit by the heirs.

3. When an agreement is silent as to when a future act is to be begun or completed, the law implies that it shall be within a reasonable time.

4. Where it was alleged that title to land was in dispute, and it was sold with the understanding that the purchase-money should not be due until such ownership had been determined, the statute did not begin to run in favor of the purchaser until after the lapse of a reasonable time within which the vendor could commence and prosecute proceedings to settle his title.

5. Where such contract was made in 1880, and the decree settling the title was signed in 1901, and after a special demurrer the petitioner failed to amend or to allege that the suit to quiet the title had been instituted within a reasonable time after the making of the contract of sale, the trial judge properly sustained a demurrer on the ground that the cause of action was barred.

Argued February 16, — Decided March 3, 1904.

Action for damages.    Before Judge Parker.    Charlton superior court.    March 9, 1903.

The petition alleges that when the Waycross & Florida Railroad Company was constructed through Charlton county in 1880, the title to a strip 2 1/8 miles in length and 200 feet in width was in dispute, Bryant and Buck both claiming title to this tract; that it was agreed with the officers of the railroad company that the track should be built, and that after the dispute was " settled, said railway company would then pay the successful party for the land taken and occupied for its line of road and right of way . . and obtain a deed thereto ;" that at the April term, 1901, in a suit between said Buck and Bryant, the question was settled by a decree in favor of Bryant; and that thereupon the heirs of the said Bryant demanded of the Savannah, Florida & Western Railway Company pay for the land and right of way aforesaid, and for its use and occupation, and also for about four acres of earth outside of the right of way, used by the company in building embankments, offering to make and execute a deed to the land, which was refused by the company; that the use and occupation has been worth $1,000, and that the earth so taken was worth $500, and the land and right of way was worth $2,000.    It was also alleged that the Waycross & Florida Railroad Company had been consolidated with the Savannah, Florida & Western Railway Company in 1884, and that the latter company had been consolidated with the Atlantic Coast Line, which became liable to pay plaintiff's claim.    To meet a demurrer that the petition did not set forth that the contract was in writing, nor with whom or when it was made, the plaintiff alleged " that the contract, agreement, and understanding was had and made with said railroad companies, and with H. S. Haines, general manager, R. G. Fleming, superintendent, Chisholm & Erwin, general counsel, S. T. Kingsbery, assistant general counsel, and others, officers and agents of said railroad companies, as now remembered, who, as

the duly authorized representatives and agents of said railroad companies, were fully empowered so to act; which facts also should be definitely within the knowledge of defendants." The petition was demurred to generally, and specially on the grounds, anong others, that there was no allegation when the suit between Buck and Bryant was filed; and that the action was barred.

*J. L. Sweat* and *W. M. Olliff*, for plaintiffs.
*Kay, Bennet & Conyers* and *S. W. Hitch*, for defendant.

LAMAR, J. (after stating the foregoing facts.) Some of the joint plaintiffs sued as heirs at law of Bryant, one of the parties to the contract by which the strip of land had been sold to the Waycross & Florida Railroad Company, the purchase-price to be payable when it was settled who was entitled thereto. It was not averred that there was no administration on his estate, and there was no allegation that the estate owed no debts, and nothing to take the case out of the rule that a suit for the purchase-money of land should be prosecuted by the administrator and not by the heirs at law. Civil Code, § 3353; *Juhan* v. *Juhan*, 104 *Ga.* 255.

Not only was there want of proper parties plaintiff, but there was no right to recover for use and occupation of land alleged to have been sold the defendant in 1880. In any event the verdict could only have been for the purchase-price with interest. But the cause of action therefor was barred. Where an agreement is silent as to the time within which an act is to be begun or completed, the law implies that a reasonable time is to be allowed therefor. The sale was made in 1880, the purchase-price being payable when the dispute as to the title was adjusted so as to determine to whom the money should be paid. No time was fixed as to when the question as to the title should be settled; and the vendors were therefore allowed a reasonable time within which to take steps to accomplish that result. Within that period the statute did not run. Immediately after the expiration of a reasonable time the statute did begin to run, and the cause of action was barred within four years thereafter. The fact that the defendant specially demurred because the petition failed to allege when the suit to quiet the title had been begun, and that the plaintiff did not amend or give such date, raised a conclusive presumption that the suit was not begun within a reasonable time after

the contract of sale in 1880.    The decree was rendered in 1901, and in orderly course of legal procedure may have been based on a petition filed in 1900.

The suit to recover this purchase-money was begun nearly a quarter of a century after the making of the parol contract of sale. In the meantime Bryant had died, the company with whom the contract was made had gone out of existence, and the land had been twice transferred to other purchasers.    There are here present all of the elements on which the policy underlying the statute of limitations is based.    The time between the making of the contract and the bringing of the suit to enforce the demand thereunder was so great as to raise a presumption that the debt had been paid, or to make it almost certain that the transaction had passed out of the memory of the witnesses, that the evidence in relation thereto had been lost, and that death had removed some of those who were familiar with the facts.    The judge below was correct in holding that the action was barred.    Civil Code, § 3768.

*Judgment affirmed.    All the Justices concur, except Simmons, C. J., absent.*