ENNIS, administrator, *v.* REYNOLDS.

1. Where a promissory note is payable at a chartered bank, not only the indorsers for value, but all other persons whose indorsement is essential to a due transmission of title, as distinguished from mere sureties by indorsement, are entitled to notice of non-payment and protest.

2. The fact that the note is payable at the bank of which the indorser is president and a director does not dispense with the necessity of notice and protest to charge the indorser.

Submitted July 18,—Decided December 13, 1906.

Complaint.   Before Judge Hamilton.   City court of Floyd county.   December 2, 1905.

W. H. Ennis, administrator of the estate of M. C. Mathis, brought suit upon two promissory notes, against John H. Reynolds as indorser.   The notes were for $175 each, payable to John H. Reynolds, at the First National Bank, signed by S. T. Rhudy, trustee for children, and indorsed in blank by John H. Reynolds.   By amendment it was alleged that "J. H. Reynolds signed his name in blank upon the back of the notes for the purpose of negotiation, and thereby became liable upon such notes as security, and his name indorsed thereon only means that he was such security, and therefore not entitled to notice and protest, and that was the character of his indorsement."   It was also alleged that Reynolds was president and a director of the bank at which the note was payable, en-

gaged in the control and management of the bank and its business, and his failure to see that the note was protested was a waiver of notice and protest on his part. The defendant demurred to the petition, upon the ground that there were no allegations of notice to the defendant of the non-payment of the notes, nor any allegation as to protest; and also that there was a misjoinder of actions, in that petitioner sought to make defendant liable as indorser and also as security or surety upon the notes. The demurrer was sustained, and the petitioner excepted.

George A. H. Harris & Son, for plaintiff.

Fouché & Fouché and Paul H. Doyal, for defendant.

COBB, P. J. (After stating the foregoing facts.) The notes were payable at a chartered bank. They were indorsed by the payee. It was immaterial whether he was an indorser for value or for accommodation. He was entitled to notice of dishonor, and could only be held liable as indorser in the event such notice was given. Apple v. Lesser, 93 Ga. 749. See also Aldine Manufacturing Company v. Warner, 96 Ga. 370; Sibley v. American Exchange Bank, 97 Ga. 145. The case of Hull v. Myers, 90 Ga. 674, is peculiar. In that case the indorsers were the directors of a corporation which was the maker of the note, and it was held that indorsers, occupying such a relation as these did to the affairs of the corporation, were not entitled to notice of dishonor. The corporation was insolvent. The individuals, who were the indorsers, were the ones who were charged with notice as to the condition of the affairs of the company. Its property and assets were under their control and management. The reason of the law requiring notice of dishonor ceased when such a transaction as this arose. It is said, in the opinion, that a single director, or even a minority of the directors, indorsing a note for the corporation, might be entitled to notice of dishonor; for only one, or a small number, might have a right to suppose that the note would be attended to at maturity; but when the whole board, or a majority of its members, unite in the indorsement, the indorsers, who in their aggregate capacity are the controlling power of the corporation, are not entitled to notice of dishonor. There is nothing in the present case which brings it at all within the rule announced in the case last cited. It is claimed, because the indorser was the president and a director of the bank at which the note was

payable, that no notice or protest was necessary; that the fact of the relation the indorser bore to the bank at which the note was payable amounted to a waiver on his part of any notice to him of what took place at the bank of which he was an official. We do not think that this fact could be properly treated as amounting to the waiver of the right which the indorser has under the law to receive notice of dishonor. It may be that the bank with which the note was deposited for collection would be liable to the holder in damages in the event that the failure to give the notice was due to its negligence; and if the bank was so held liable, the agent or officer whose negligent act thus rendered it liable might be liable to the bank; but the fact that such a liability might exist on the part of the bank, or one of its officers or agents, would not render the indorser liable on a paper when the notice of dishonor was not given to him at the time and in the manner prescribed by law. There was no error in sustaining the demurrer and dismissing the case.          *Judgment affirmed. All the Justices concur.*