## WATTERS et al. v. HERTZ.

The petition was not open to the demurrers urged against it.

FEBRUARY 22, 1911.

Action upon contract. Before Judge Wright. Floyd superior court. November 17, 1909.

This case arises out of the same transactions as the cases of *Watters* v. *Hertz,* ante, 804, and *Watters* v. *Hertz,* ante, 814. The present case, like the one last above mentioned, is a suit upon an alleged contract, but only the first of the written instruments set out in the other two cases is declared upon here, that is, what appears in the other cases to be the original writing signed by Doss alone, together with the various additions thereto signed by him. The sealed instrument signed by both Doss and the plaintiff, upon which was the writing signed by Watters, which is shown in the petition in each of the other cases above referred to, does not appear in the petition in the case now to be considered. In this case the petition, after alleging that "on the 25th day of January, 1906, the following paper was executed," set out the first written instrument, including the additions thereto, signed by the defendant Doss, which appears in the petition in the suit for the recovery of the land and in the suit for a breach of the agreement to build the house and the fence. Then followed the allegations: "3. That .
. Watters succeeded to all the interest of . . Doss, under said contract, in and to the timber and cord-wood referred to therein, and undertook the performance of the obligations of . . Doss in said contract. 4. That at the time thereof . . Watters had full knowledge of said contract between . . Doss and petitioner. 5. That . . Watters entered into possession of said lot of land under said contract, and has removed therefrom large quantities of lumber and cord-wood, and he is bound to respond to petitioner in accordance with the terms of said contract. 6. That the division of profits referred to in said contract was on the basis of one half to each party thereto, and was so understood between the parties at the time. 7. That the net profits derived from said timber and cord-wood so cut off and sold by . . Watters, is the sum of $12,000.00, as shown by bill of particulars hereto attached, marked Exhibit 'A;' one half of which under the terms of said contract belongs to your petitioners, but which the said . . Watters or the said . . Doss fail and refuse to

pay." The next paragraph was a prayer for a judgment against the defendants in the sum of $6,000.00. Exhibit A was as follows:

"To 1,500,000 feet of lumber at $14.00 per 1,000 ....$21,000.00
    500 Cords of Wood, at $1.50 ...................    750,00
    Slabs, sawdust, etc. .........................    250.00

        . Total Receipts .....................$22,000.00
Cr.  By Expenses of cutting, sawing, and
        hauling lumber .................$9,150.00
     By Expenses cutting & delivering wood    300.00
     By Reasonable Wages, as per contract    550.00

        Balance, profits ...................$12,000.00."

The defendants jointly demurred as follows: 1. No cause of action is "set forth against defendant in plaintiff's petition." 2. Special demurrer to paragraph four, upon the ground that the allegations therein "are immaterial and irrelevant and should be stricken." Watters separately demurred to paragraph three, upon the ground that it is not shown therein "by what means he succeeded to all the interest of . . Doss under the contract, . . nor how and for what consideration he undertook the performance of the obligations of . . Doss under said contract;" and to paragraph five, on the ground that it is not shown how and by what right he entered into possession of the lot of land in question under the contract set out in . . the petition, nor is it shown how or why he is bound to respond to the petitioner in accordance with the terms of the contract." Before the demurrers were passed on, the plaintiff offered an amendment in which, she first alleged, that Watters purchased from Doss all his interest in and to the timber and cord-wood on the land in question, "thus succeeding to the rights of .. . Doss under the terms of said contract, and being bound to fulfill all his obligations thereunder;" and that Watters "thereupon . . entered upon said lot of land and cut therefrom the timber and cord-wood, and converted the same to his own use and benefit, and has failed to respond to petitioner in accordance with said contract." She then added a second and independent count to the petition, in which, after setting out the same contract as that embraced in the original petition, she alleged, "That in procuring and making the above and

foregoing contract, . . Doss was acting as agent for and in behalf of . . Watters, his undisclosed principal; and thereupon . . Watters entered upon said lot of land, under and by virtue of said contract, and cut therefrom the timber and cordwood;" that Watters "had full knowledge of all the provisions of said contract so made by his agent, . . . Doss, and in entering upon the said land and taking to himself all the advantages thereof he subjected himself to all the liabilities of said contract, and became bound to respond to petitioner in accordance with all the terms of said contract." Then followed the same allegations as to "the division of profits referred to in said contract [being] on the basis of one half to each party thereto," and as to the amount of the net profits, as were contained in the original petition; and a prayer for judgment against the defendants in the sum of $6,000. The defendants objected to the allowance of this amendment, upon the grounds: 1. "That the first count of said amendment should not be allowed, for the reason that it showed no privity or contractual relation between" the plaintiff and Watters. 2. That the second count should not be allowed, because the law of an undisclosed principal has no application to a contract under seal. The court overruled these objections and allowed the amendment, and, after hearing argument upon the demurrers, overruled the same. The defendants filed a bill of exceptions wherein they complain of each of these rulings.

*Dean & Dean* and *Nathan Harris,* for plaintiffs in error.

*Maddox & Doyal* and *George A. H. Harris & Son,* contra.

FISH, C. J. (After stating the facts.) The petition as amended consisted of two counts. We need be at no pains to show that a cause of action was set out as against Doss in the first count. See the next preceding case of *Watters* v. *Hertz,* ante, 814. The allegations of the amendment related exclusively to the liability of Watters. Did the first count set forth a cause of action against Watters? We think not. As amended this count in effect alleged that Watters purchased from Doss all of his interest, under his contract with the plaintiff, in and to the timber and cord-wood on the land in question, "thus succeeding to the rights of . . Doss under the terms of said contract, and being bound to fulfill all his obligations thereunder," and that Watters "thereupon . . entered upon said lot of land and cut therefrom the timber and cord-wood, and con-

verted the same to his own use and benefit, and has failed to respond to petitioner in accordance with said contract." These allegations as to the liability of Watters for the breach by Doss of his contract with the plaintiff are mere statements of a legal conclusion, and are evidently not sound; as it does not follow as a matter of law that because Watters purchased from Doss his interest under his contract with the plaintiff in the timber and cord-wood, he (Watters) thereby became bound to fulfill all of Doss's obligations under his contract. Nor does the fact that Watters thereupon entered upon the land and cut therefrom the timber and cord-wood and converted it to his own use render him liable to the plaintiff on the contract between her and Doss.

The remaining question in the case is whether a cause of action was set out in the second count as against Watters. The contract under which it was sought to make him liable was not under seal; and it was alleged in this second count, that Doss, in entering into the contract with the plaintiff, was acting as agent for and in behalf of Watters, who was his undisclosed principal; that Watters, under and by virtue of the contract made in his behalf by his agent Doss, and having knowledge of all of its terms, entered upon the land and cut therefrom the timber and cord-wood for his own benefit; thus taking to himself all the advantages under the contract. Under these allegations, Watters was liable under the contract, and a cause of action was set out against him. The points referred to in the brief of counsel for the plaintiffs in error are the same as those contained in their brief in the next preceding case of *Watters* v. *Hertz,* and need not here be further dealt with.

The two counts of the petition appear to be inconsistent. It is not clear how the plaintiff can proceed in one count to obtain a judgment on the contract against one defendant as the principal, and in another count to obtain a judgment based on the same contract against another as an undisclosed principal of the first defendant. But the demurrer did not raise that question, and accordingly no decision of it is made.

*Judgment affirmed. All the Justices concur.*