5657.  FINLEYSON BROTHERS *v.* LIVERPOOL AND
LONDON AND GLOBE INSURANCE CO.

The court did not err in sustaining the general demurrer and dismissing
the petition.  The petition was based upon two policies of fire insur-
ance, each of which contained a provision expressly negativing the right
of any agent to waive the condition commonly known as the "iron-safe
clause;" and in dealing with the petition on demurrer, the court properly
disregarded mere conclusions of the pleader which were contradicted by
the stipulations of the contract governing the right to recover.  The
stipulation which required the plaintiffs to prepare an inventory and
keep books was a warranty, the breach of which avoided the policies
and placed it beyond the power of the agent to amend or resurrect the
contract.

DECIDED DECEMBER 9, 1914.  REHEARING DENIED FEBRUARY 26, 1915.

Action on insurance policy; from city court of Bainbridge—
Judge Spooner.  March 25, 1914.

*W. V. Custer, P. D. Rich,* for plaintiffs.

*Smith, Hammond & Smith, W. H. Krause, T. S. Hawes,* for
defendant.

RUSSELL, C. J.  The plaintiffs in error brought suit on two
policies of fire insurance, issued by the defendant in error, for
$3,500 and $500 respectively, copies of which were attached to the
petition.  The policies covered a stock of merchandise, and were in
the usual form, and contained what is commonly called the "iron-
safe clause," stipulating that the assured should take an inventory
of stock within thirty days of the issuance of the policy, or the
policy should be void from that date; and that the assured should
keep books containing a complete record of business transacted.
The allegations of the petition are in substance as follows:  The
policies sued on were originally issued to Lamar, Taylor & Riley
Drug Company, and were, by written consent of the defendant,
transferred to the plaintiffs on May 6, 1913.  Some time prior to
June 30, 1913, one of the plaintiffs called on the defendant's agent
at Bainbridge and stated that the plaintiffs wanted additional in-
surance.  The agent stated it would be necessary to take an inven-
tory to determine if additional insurance would be allowed.  There-
upon the statement was made by this plaintiff to the agent that the
plaintiffs had never previously taken an inventory nor had they
kept any books; to which the agent replied that "it would be nec-
essary to keep books and make inventories, otherwise said policies
would become null and void by their terms."  The plaintiffs "im-

mediately set about making an inventory," and on June 30, 1913, completed the inventory and notified the agent that an inventory had been taken, and that it amounted to over $4,000. On July 2, 1913, the following indorsement was entered on the policies sued on: "Endorsement July 2, 1913. From this date permission is granted allowing a total of $4,500 concurrent insurance on the first item of this policy, including this policy. Attached to policy No. ——— of the Liverpool & London & Globe Insurance Co., Bainbridge, Georgia. E. J. Perry, Agent." The agent, Perry, did not tender to the plaintiffs any unearned premium, or advise them that their failure to keep books and prepare an inventory had rendered the policies null and void; and, after the endorsement above stated, he issued to the insured, as agent for another insurance company, a policy for $1,000 on the same property. The petition further alleges that by reason of the endorsement placed upon the policies by the agent, Perry, they were new contracts from the time of the endorsement; that the insured kept books since that time, and that they are entitled to recover on the policies. The defendant demurred generally to the petition, as setting forth no cause of action; and to the sustaining of this demurrer the plaintiffs excepted.

We are of the opinion that the court did not err in sustaining the demurrer. When the policies were transferred to the plaintiffs by the Lamar, Taylor & Riley Drug Company on May 6, 1913, they became a new contract as of that date (*St. Paul Fire & Marine Ins. Co.* v. *Brunswick Grocery Co.*, 113 *Ga.* 790, 39 S. E. 483), and were subject to all the conditions of the original contract. The "iron-safe clause" in the policies was a warranty on the part of the insured that they would do something in the future, and was important as providing a check against fraud on their part; and their compliance with this part of the contract was a condition upon which, by the express terms of the contract, the validity of the policy depended. *Scottish Union Ins. Co.* v. *Stubbs,* 98 *Ga.* 761 (27 S. E. 180) ; *Southern Fire Ins. Co.* v. *Knight,* 111 *Ga.* 622 (36 S. E. 821, 52 L. R. A. 70, 78 Am. St. R. 216). The plaintiffs therefore were bound to take an inventory within 30 days after the transfer of the policies; else the contract of insurance would be void from that date. It is conceded in the petition that no such inventory was taken. The question then is whether the

agent of the defendant could and did, as contended by the plaintiffs, waive this provision of the policy. In the policy it is stipulated that no officer or agent "shall have power to waive any pro-visions or conditions of this policy, except such as by the terms of this policy may be the subject of agreement endorsed hereon or added hereto." It is not alleged that the waiver was endorsed upon or attached to the policy. Neither does it appear from the petition or the policy that the "iron-safe clause" was one of the provisions or conditions which were the subject of agreement. The failure of the insured to comply with the provisions of the "iron-safe clause" placed it beyond the power of the agent to amend, reconstruct, or resurrect the policy. By the very wording of the policy, the policy was void, not merely voidable. *Insurance Company of North America* v. *DeLoach, 3 Ga. App.* 812 (61 S. E. 406). Agents are without authority to bind their principal by any waiver of the terms of the policy after a forfeiture has already taken place. *Graham* v. *Niagara Ins. Co.,* 106 *Ga.* 840 (32 S. E. 579). And notice to an agent who solicits- insurance, made subsequent to the issuance of a policy, of a violation of a condition of the policy is not notice to the insurer so as to constitute waiver of the insurer's right to forfeit the policy thereunder. A forfeiture can not be waived without express authority from the governing officials of the insurance company. *Lipman* v. *Ætna Ins. Co.,* 120 *Ga.* 247 (47 S. E. 593). It is not alleged that the agent was given this express authority by the governing officials; and, under the facts of this case as alleged, even if they had given him such authority, we do not think he could have waived the clause, because that would have amounted in substance to bringing to life something already dead; which, under the ruling in the *DeLoach* case, supra, can not be done. *Judgment affirmed. Broyles, J., not presiding.*