• 11883. BENTLEY *v.* BARRETT.

HILL, J. 1. Where the entire description of land contained in a written agreement to sell was "five hundred acres of land in said county [Wilkes], in the 180th district, G. M., known as a portion of the Blakey Sutton lands," the number of acres was of the essence of the description, and if it developed that in fact the number of acres subsequently sold under the agreement contained only 471½ acres, the vendee was entitled to a reduction in the price accordingly. *Strickland* v. *Hutchinson,* 123 *Ga.* 396 (5 S. E. 348).

2. The evidence in the present case, in addition to the description of the land contained in the written obligation to sell, clearly showing that the sale of the land was by the acre and not by the tract, a reduction of the price in proportion to the deficiency in the land was the legal right of the vendee at his option. *Owens* v. *Durham,* 9 *Ga. App.* 179 (70 S. E. 989); Civil Code (1910), § 4122.

3. Where a written contract of rent contained a promise by the obligor to sell the land rented to the obligee, at his election, during the year of the rental, at a stipulated price, and before the expiration of the year the tenant exercised this option and the vendor received the full amount of the purchase-money, with interest from the date of the sale, he was not also entitled to receive rent.

4. Where no rate of interest is agreed to be paid in a written contract, the obligor can only recover the legal rate of seven per cent.

5. The excerpts from the charge excepted to, when considered in connection with the evidence and the entire charge, contain no prejudicial error. The verdict is supported by the evidence, and no error appears.

   *Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

  DECIDED MARCH 16, 1921. REHEARING DENIED APRIL 14, 1921.

Complaint; from city court of Washington — Judge Sutton. September 11, 1920.

*W. A. Slaton,* for plaintiff in error. *Colley & Colley,* contra.