14566. AMERICAN BANK & TRUST COMPANY *v.* MCINTIRE.

BROYLES, C. J. 1. "Where a negotiable promissory note payable on its face at a bank is indorsed by the payee, whether for value or for
38

accommodation, he is entitled to notice of nonpayment and of protest, as provided for by section 2781 [section 4280 of the Civil Code of 1910] of the code." *Apple* v. *Lesser*, 93 *Ga.* 749 (21 S. E. 171); *Aldine Mfg. Co.* v. *Warner*, 96 *Ga.* 370 (23 S. E. 404); *Sibley* v. *American Exchange Bank*, 97 *Ga.* 126 (4), 145 (25 S. E. 470). And such "notice is a condition precedent to his liability, and must be averred and proved." *Hall* v. *Davis*, 41 *Ga.* 614. See also, in this connection, *Ennis* v. *Reynolds*, 127 *Ga.* 112 (56 S. E. 104).

2. The petition in the instant case — a suit upon a promissory note — shows affirmatively that the defendant was an indorser upon the note whose indorsement was essential to a due transmission of title, and, the petition containing no allegation as to notice of nonpayment and protest, the court did not err in ordering the case dismissed unless the plaintiff supplied this omission by amendment within seven days; and, no such amendment having been filed, the case subsequently was properly dismissed on demurrer.

(*a*) This is true although the plaintiff amended its petition by alleging that the defendant was liable " as surety," and not " as indorser," on the note sued upon. The allegations of the amendment amounted to a mere conclusion of the pleader, which was not sustained by any facts appearing upon the face of the pleadings.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*
·DECIDED JULY 10, 1923.

Complaint; from city court of Savannah — Judge Freeman. April 3, 1923.

*Seabrook & Kennedy, E. A. McWhorter,* for plaintiff.
*McIntire, Walsh & Bernstein,* for defendant.