## MOXLEY v. ADAMS.

JENKINS, Justice. 1. The right to take from land a part of its soil or timber, often designated as an easement but also referred to as constituting a larger interest, may arise from an express grant for a valuable consideration; and when so created, it is not revocable at the will of the grantor. *Harrell* v. *Williams,* 159 *Ga.* 230 (1, *a*) (125 S. E. 452); 19 C. J. 870, 905, §§ 10, 11, 89. See Code, § 85-1404.

2. "An easement may be lost by abandonment, or forfeited by nonuser, if the abandonment or nonuser shall continue for a term sufficient to raise the presumption of release or abandonment." Code, § 85-1403. But "the evidence to establish a forfeiture of an easement by abandonment

or nonuser must be decisive and unequivocal;" and where the testimony is in dispute as to the facts, the question as to any abandonment is for the jury, in applying to the evidence the law charged by the judge. *Gaston* v. *Gainesville &c. Ry. Co.*, 120 *Ga.* 516 (2, 3), 519 (48 S. E. 188) ; *Calfee* v. *Jones*, 54 *Ga. App.* 481, 483, 484 (188 S. E. 307).

(a) Where in a grant of a right to take from land soil or timber no time is specified within which the right is to be exercised, it is the general rule that this must be done "within a reasonable time," and that question is "to be decided in the light of all the facts and circumstances of the transaction." *Harrell* v. *Williams*, supra, and cit.

3. While there are legal principles to the effect that covenants pertaining to a lease, when coupled with an option to purchase, may become inoperative upon the exercise of such option, on the theory that the lesser estate with the covenants pertaining thereto have thus become merged into the greater estate by purchase (16 R. C. L. 804, 805; and see *Augusta Land Co.* v. *Augusta Ry. &c. Co.*, 140 *Ga.* 519, 522, 79 S. E. 138; *Carr* v. *Augusta Grocery Co.*, 183 *Ga.* 346, 188 S. E. 531; *Keiley* v. *Citizens Savings Bank &c. Co.*, 173 *Ga.* 11, 159 S. E. 527; *Nelson* v. *Atlanta &c. Ry. Co.*, 135 *Ga.* 572, 69 S. E. 1118; *Bender* v. *Barrett*, 26 *Ga. App.* 527 (3), 106 S. E. 815), these principles of merger would have no application to a lease with an option to purchase, in a case such as this, where the instrument contained, not only the lease and option to purchase the described leased premises, but an additional grant to the lessee an optionee of a right to remove soil from *another and different lot* owned by the lessor for the purpose of "filling in" the leased premises, and this grant was a part of the consideration for both the agreed amount of rentals and the agreed amount of purchase-price. Under the sworn pleadings and other evidence at the interlocutory hearing, such a right to remove soil from a lot other than the leased premises was not lost by any merger of the lease into a subsequent deed to the leased premises, executed to the lessee under the option to purchase, even though the deed did not itself refer to the easement relating to the other lot.

(a) In the absence of any express provision, limiting the time within which the grantee of the right of soil removal should exercise that right, the parties must be held to have intended a reasonable time under all the facts and circumstances as shown by the lease and option instrument and the purposes for which the instrument was executed and the soil was to be used.

4. By the terms of the instrument granting the easement, the lessee was not given an unlimited right to remove the soil from the other lot and use it on the leased premises, but such right was in terms limited to the "filling in" of the leased premises for the purposes for which they were to be used, the obligatory immediate erection of "a gas and oil station and . . oil and gas tanks on said premises, and [their completion] within a reasonable time," and the further optional erection of "any other buildings or tanks or fixtures that he may see fit, and that may be suitable, convenient, or necessary in conducting his business, it being understood that the purpose for which said lot is to be used by lessee is for the operation of a gas and oil business, wholesale and retail." At the hearing, where an interlocutory injunction was granted against fur-

ther removal of the soil from the other lot, about four and a half years after the date of the lease and three and a half years after the execution of the deed to the lessee under the option, it appeared that about one third of the premises still remained to be "filled in." However, there was no evidence as to any present necessity for the filling in of such part for the buildings or tanks, which the lessee was required to erect and had erected immediately after the execution of the lease, or for the *erection or maintenance* of any additional building or tanks under the optional clause of the instrument, in the operation of a wholesale or retail gasoline and oil business. Consequently, in the absence of any evidence as to any present necessity for the defendant lessee and purchaser to continue to remove the soil for the purposes stated, the judge did not err in granting the interlocutory injunction, even though a wrong reason was assigned, that all right to remove the soil terminated when the lease expired and merged in the deed and the defendant became owner of the leased premises.

5. A judge may rule on a demurrer to a petition at an interlocutory hearing on the grant of an injunction, even before the appearance term; but he is not obliged to do so. *Byrd* v. *Piha*, 165 *Ga.* 397 (141 S. E. 48); *Kent* v. *Citizens Mutual Investment Association*, 186 *Ga.* 91, 93 (196 S. E. 770). No ruling having been made on the demurrers, and the failure to rule thereon not being error, questions raised by the demurrers are not determined except in so far as they are involved and have been decided in passing upon the grant of the interlocutory injunction.

*Judgment affirmed. All the Justices concur.*

No. 13175. APRIL 11, 1940.

*Jackson & Darby,* for plaintiff in error.
*Sharpe & Graham,* contra.