35168. WILLINGHAM *et al.* v. ANDERSON *et al.*

Decided October 13, 1954.

*Edward H. Robertson, B. J. Dantone,* for plaintiffs in error.
*Clarke & Anderson,* contra.

Quillian, J. Forest A. Willingham, Jr., and Rose Agnes C. Willingham instituted an action against M. W. Anderson and

Mrs. Alma McGee Anderson in Fulton Superior Court. The petition related substantially the following facts:

The plaintiff entered into a contract with the defendant M. W. Anderson, whereby Anderson agreed to sell and the plaintiff to buy certain real estate situated on a street or road known as Mocking Bird Lane. This contract contained an agreement that all improvements on Mocking Bird Lane except sewage were to be paid for by the seller. Later Anderson and his wife made to the plaintiff a warranty deed in which there was no allusion to the improvements or any obligation to pay for them.

Mrs. Alma McGhee Anderson was not a party to the agreement. A sheet showing the terms on which the property was sold, which also contained the stipulation above referred to in reference to the seller paying for the improvements on Mocking Bird Lane except sewage, was signed by one J. W. Peacock, whose authority to bind any of the parties to the transaction does not appear from the record. Certain pavement assessments were levied against the property along Mocking Bird Lane, including the property conveyed by the deed of the defendants to the plaintiff. The petition having related the sales contract between the plaintiffs and Mr. Anderson, and the sales sheet signed by one Mr. Peacock, which contained the provision in reference to payment for improvements on Mocking Bird Lane, continued with allegations contained in its paragraph 4, as follows:

"Plaintiffs aver that they, acting in reliance upon the said promise made by the defendants as stipulated in the contract hereinabove set out as Exhibit 'A', resold the same said property, promising their vendees that the same said obligation as to payment for all improvements on Mocking Bird Lane, except sewage, would be discharged and obligating themselves therefor to their vendees; that afterwards, on July 24, 1953, and on August 19, 1953, assessment was made by Riley F. Elder, Municipal Revenue Collector, City of Atlanta, Georgia, in the respective amounts of $317.21 and $1,428.47, for 300 feet of curbing and 300 foot front asphalt, being a total of $1,745.68; that plaintiffs then made their demand upon defendants for the fulfillment of their said contract and being refused so to do and by virtue of such misplaced confidence and in keeping with their agreement with their vendees, they did on August 26, 1953, them-

selves satisfy said obligation by payment of the said amount of $1,745.68."

The defendants filed a general demurrer on the ground that the petition set forth no cause of action. The court sustained the demurrers, and the plaintiffs excepted.

For the sake of convenience the plaintiffs in error and the defendants in error will be referred to in terms of the respective relationship they had to the case in the trial court.

The petition showed that the plaintiffs were not entitled to recover for the improvements for the reason that when the deed was made by the defendants to them, all agreements in reference to the sale of the property thereby conveyed were merged into that deed. It is a part of the petition and contains no agreement concerning the payment for improvements by the defendants.

There is a reason equally as good as that assigned in the preceding paragraph of this opinion for holding that the petition set forth no cause of action, though no allusion to it is found in the briefs of counsel. The sales contract, agreeing that "all improvements on Mocking Bird Lane to be paid by the seller except sewage," can not be construed to refer to any improvements except those existing at the time the contract was executed. If this stipulation should be interpreted as including the assumption of responsibility by the seller for improvements to be made on Mocking Bird Lane in the future, then it would be utterly void for uncertainty because not limiting or specifying for what length of time the seller should be bound to pay for the improvements that would thereafter be made on the street.

The petition does not allege that the improvements which it alleges were made on the street and paid for by the plaintiffs existed before or at the time the contract was entered into. In the absence of such averment, no liability of even the defendant who signed the contract to pay for the improvements enumerated in the petition was set forth.

The trial judge having correctly ruled that the petition did not set forth a cause of action, the judgment sustaining the general demurrer must be affirmed. This case is controlled by the ruling in *Johnson* v. *Young,* 79 *Ga. App.* 276 (2) (53 S. E. 2d 559), quoted in the headnote.

The plaintiffs contend that this case is distinguishable from the *Johnson* case for the reason that it was evident from all of the documents that it was the intention of the maker that the sales agreement, containing the provision as to payment by the defendants for the improvements, be not extinguished by the deed, but that the two instruments, the sales contract and the deed, be and continue collateral contracts, one to the other.

But if the rule was that ordinarily or generally preliminary sales contracts should be considered as collateral contracts with the deed made to the property covered by the agreement, it would not help the plaintiffs in this case. This is true for the reasons: first, the petition does not allege that the contract of sale was not extinguished by the deed or that it was the intention of the parties that it survive and be considered as a collateral undertaking. Secondly, this would have been impossible under the averments of the petition, for the reason that the deed was a joint deed of Mr. and Mrs. Anderson to the plaintiffs, while Mrs. Anderson was not a party to the sales agreements.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*