41403. KNIGHT v. HEDDEN.

ARGUED JULY 6, 1965—DECIDED DECEMBER 2, 1965—
REHEARING DENIED DECEMBER 17, 1965.

*Poole, Pearce & Cooper, William F. Lozier,* for plaintiff in error.

*Sam G. Dettelbach,* contra.

HALL, Judge. This case is controlled by *Kollen v. High Point Forest, Inc.,* 104 Ga. App. 713 (123 SE2d 10), cert. denied 104 Ga. App. 903, and *McKee v. Cartledge,* 79 Ga. App. 629 (54 SE2d 665). These decisions followed the principle of *Moxley v. Adams,* 190 Ga. 164, 165 (8 SE2d 525), and other cases and held that when it is contemplated by the parties that certain duties and obligations contained in an executory contract for the conveyance of land are to be performed after the delivery of possession of the property, and the warranty deed thereto, these duties and obligations are not merged in the deed and the acceptance of delivery of possession. "Where there are stipulations in the preliminary contract or contracts of which the conveyance is not a performance, the question whether such stipulations are merged in the deed depends upon the intent of the parties. . . The evidence of such intention may exist in or out of the deed . . . where the antecedent contract contains provisions imposing obligations upon the vendor other than those relating to title or possession, and so far collateral thereto as to indicate that their omission from the deed was without any deliberate intent to preclude their survival of that instrument, such collateral provisions will be held to survive the deed." See *Kollen v. High Point Forest, Inc.,* supra, p. 716.

"The rule as to merger of previous agreements . . . is subject to exceptions, and the intent of the parties is controlling, the question being one of construction, to be gathered from a consideration of the entire contents of the instruments, or from the instruments and surrounding circumstances. If the deed contains no evidence of intention, the question is open to other evidence to determine such intention, but where merger of a prior contract into a deed is denied, the burden of proof rests on the party so denying to show that merger was not intended." 26 CJS 845, Deeds, § 91 (c).

In the present case the allegation that it was always the intention and purpose of the parties that the special provisions of the sale contract, as to the guaranty of a dry basement and as to the guaranty of the fireplace to work, would not merge in the warranty deed but would survive its execution is supported by the form and provisions of the contract itself. The inclusion of the guarantees as to the basement and the fireplace in separate stipulations rather than including them in stipulation 7 would authorize the inference and support the conclusion that the parties intended the seller's obligations in stipulations 8 and 9 to survive the deed rather than to be completed prior to closing as were the items in stipulation 7. The petition alleges that after the execution of the deed, with respect to the wet basement, the defendant installed some drainage tile and some concrete. This alleged fact gives some support to the allegation that the parties intended the seller's obligation with respect to the basement to survive the deed. *McKee v. Cartledge,* 79 Ga. App. 629, 632, supra.

There is a difference in the facts of the *Kollen* case and the facts of this case, but this difference does not make a different result necessary or proper in this case. There the guarantee of workmanship, materials and a dry basement was limited to a period of one year. In the present case no specific period for the guarantees is stated; they would be effective, therefore, for a reasonable period. "When a contract fixes no time for performance, it is to be construed as allowing a reasonable time for that purpose; and what is a reasonable time is a matter of fact to be determined by a jury under all of the circumstances of the

case." *Bearden Mercantile Co. v. Madison Oil Co.*, 128 Ga. 695, 702 (58 SE 200) ; *Bryant v. Atlantic C. L. R. Co.*, 119 Ga. 607, 609 (46 SE 829) ; *Moxley v. Adams*, 190 Ga. 164, 165, supra; *Morgan v. Colt Co.*, 34 Ga. App. 630 (130 SE 600).

In *Postell v. Hearn*, 104 Ga. App. 765, 767 (123 SE2d 13), this court held that contract provisions similar to those in the *Kollen* case and this case, relied on as a defense to an action on a promissory note, were merged in and extinguished by the deed executed pursuant to the contract. The reasons for that decision were (a) that the pleading did not allege, as the pleadings in the *McKee* and *Kollen* cases, supra, did, that the parties intended that certain obligations of the written sale contract were to survive the deed executed pursuant to the contract; and (b) that the provision of the contract that "such papers as may be legally necessary to carry out the terms of this contract shall be executed and delivered by such parties at the time sale is consummated," showed the parties' intention to consummate all agreements in the contract at once. The quoted contract provision in the *Postell* case appears in the contract in the present case; but the petition in the present case contains the allegation, absent in the *Postell* case (and also absent in *Willingham v. Anderson*, 90 Ga. App. 799, 802 (84 SE2d 471)), that the parties intended that the contract provisions survive the deed. Thus, the *Kollen* case rather than the *Postell* case is applicable here. When the parties intend survival rather than extinction of contract provisions such as these following execution of the deed, new papers are not legally necessary to effect the survival of such contract provisions. *Kollen v. High Point Forest, Inc.*, 104 Ga. App. 713, supra.

The allegations of the present petition do not show as a matter of law that the contract provisions sued upon were merged in and extinguished by the deed.

The trial court erred in sustaining the general and special demurrers to the petition.

*Judgment reversed. Nichols, P. J., Bell, P. J., Jordan, Pannell and Deen, JJ., concur. Felton, C. J., Frankum and Eberhardt, JJ., dissent.*

FRANKUM, Judge, dissenting. The sale contract in this case

was executed on November 9, 1961. The deed which was executed on March 1, 1962, contained no reference whatever to the sale contract or to any of its terms. By amendment to her petition, the plaintiff added the following allegations: "It was always the intention and purpose of the plaintiff and defendant that the special provisions of the sales contract as to the guaranty of a dry basement and as to the guaranty of the fireplace to work, would not merge in the warranty deed but that they would survive its execution, the deed being intended by both parties to be only a partial performance of the antecedent sales contract." This allegation unless supported by allegations of specific facts or unless authorized by facts appearing from the exhibits attached to the petition is a mere conclusion and is insufficient to support the plaintiff's action as against a general demurrer. *Sims v. Sims,* 131 Ga. 262 (5) (62 SE 192); *Watters v. Hertz,* 135 Ga. 817, 820 (70 SE 344); *Gwin v. Thunderbird Motor Hotels, Inc.,* 216 Ga. 652, 657 (119 SE2d 14); *Finleyson Bros. v. Liverpool &c. Ins. Co.,* 16 Ga. App. 51 (84 SE 311); *American Bank & Trust Co. v. McIntire,* 30 Ga. App. 593 (2a) (118 SE 582).

Though it seems to have been overlooked by the majority opinion, the general rule applicable to executory contracts of sale such as is involved in this case is that when they are subsequently carried out by a conveyance which is accepted by the purchaser, they are, in the absence of fraud, accident or mistake, discharged, insofar as they regulate the rights and liabilities of the parties thereto, and where a deed is tendered by the vendor as full performance of the contract and accepted by the vendee without protest, such prior stipulations and agreements as are contained in the preliminary sale contract shall be held to have been waived and abandoned by the parties in the absence of some language contained either in the sale contract or in the deed itself affirmatively indicating an intention on the part of both parties thereto to preserve the terms of the sale contract beyond the execution of the deed conveying title. *Augusta Land Co. v. Augusta R. &c. Co.,* 140 Ga. 519, 522 (1) (79 SE 138); *Chamlee v. Alverson,* 145 Ga. 637, 639 (89 SE 719); *Loftis v. Clay,* 164 Ga. 845, 848 (139 SE 668); *Rigdon*

*v. Barfield*, 194 Ga. 77 (3) (20 SE2d 587); *Ingram v. Smith*, 62 Ga. App. 335 (3) (7 SE2d 922); *Kytle v. Collins*, 67 Ga. App. 98, 108 (1) (19 SE2d 754); *Smith v. White*, 75 Ga. App. 303 (43 SE2d 275); *Willingham v. Anderson*, 90 Ga. App. 799 (84 SE2d 471). The petition in this case contains no allegations of fact supporting the conclusion respecting the intention of the parties to the sale contract, and I do not think that the language of the contract itself authorizes this conclusion.

The addition by the amendment of the allegations respecting the intention of the parties was, of course, a patent attempt on the part of the plaintiff to conform her petition to the *Kollen* case followed by the majority opinion. That case is, however, to my mind, clearly distinguishable from this case. The preliminary sale contract attached as an exhibit to the petition in that case provided that the seller guaranteed a dry basement for a period of one year, and it appeared that it was contemplated by the parties at the time the preliminary sale contract was entered into that the purchase of the property would be consummated, the conveyance made and the deed delivered within a few days after the parties entered into the preliminary sale contract. Thus, in that case it was manifest that the parties intended that the warranties contained in the preliminary sale contract would remain operative beyond the time the sale was to be consummated, and these facts were, therefore, sufficient to substantiate the conclusion alleged in the petition that it was the intention of the parties that the preliminary sale contract would survive the execution and delivery of the deed. The case of *McKee v. Cartledge*, 79 Ga. App. 629 (54 SE2d 665), cited as authority for the ruling in the *Kollen* case and also relied on by the plaintiff in error in this case, is also clearly distinguishable on its facts from this case because there the contract involved was for the construction of a house upon the described premises "to be completed in full within 30 days or less from date of sale." By the very terms of the contract sued on in that case, performance of at least some of the contract terms could not have been required by the buyer until after the sale was consummated, and, therefore, the buyer would not have had a cause of action for a breach of the contract

until after the expiration of 30 days from the date of the sale. Neither of these cases authorizes a judgment overruling the demurrers in this case. I would, therefore, hold that the trial court did not err in sustaining the general demurrers and in dismissing the petition.

I am authorized to state that Felton, C. J., and Eberhardt, J., concur in this dissent.