**In the Matter of WAUKA, INC., B. Cleo Jenkins d/b/a Jenkins & Associates, Paradise Homes, Freedom Homes and June R. Jenkins, Debtors.**

**Bankruptcy Nos. 82–00261G, 82–00262G.**

United States Bankruptcy Court,
N.D. Georgia,
Gainesville Division.

March 15, 1984.

Troy R. Millikan, Gainesville, Ga., for debtors.

Jack M. Carey, Gainesville, Ga., for Donald Sosebee.

J.D. Smith, Gainesville, Ga., for Counte Cooley.

## OPINION

WILLIAM L. NORTON, Jr., Bankruptcy Judge.

The debtor, Wauka, Inc., has sought direction from this court regarding the conveyance of certain real property. The property is claimed by two individuals, Donald Sosebee ("Sosebee"), the highest bidder at this court's allowed auction of this property in September of 1983 and Counte Cooley ("Cooley") who received a right of first refusal on the property pursuant to a sales contract and warranty deed negotiated in 1981 with then owner June Jenkins ("Jenkins"). Sosebee contends that Cooley's right of first refusal is invalid because it violates the rule against perpetuities.[1] Because the court holds that the

provision guaranteeing Cooley's right of first refusal was personal, it follows that the duration of the right may be measured by Cooley's life. Consequently, no prohibitions of the rule are violated. As the auction of the property authorized by the court occurred without this court's or Sosebee's or other bidder's knowledge of Cooley's right of first refusal, and without Cooley's knowledge of the auction or the transfer of the property from Jenkins to Wauka, Inc., the following procedure with respect to the property will be instituted to insure the protection of the rights of all parties involved. The proposed sale to Sosebee is denied. Sosebee will have the opportunity to make a new offer on the property in writing. Thereafter, within five days of knowledge of the offer, Cooley will be permitted the exercise of his right of first refusal according to the terms of the original contract with Jenkins by an acceptance in writing. If Cooley declines to exercise his right, the property will be sold to Sosebee under the terms of Sosebee's new offer.

## FINDINGS OF FACT

1. On July 2, 1981, seller Jenkins and purchaser Cooley executed a typewritten sales contract;

2. The subject matter of the contract was the purchase of certain real estate, specifically lot 16 of the Cleo Jenkins Wauka Mountain property;

3. The contract also specifically provided Cooley with the following right of first refusal as to lot 15:

8. The warranty deed delivered by the seller to purchaser at closing shall contain the following covenant running with the land and shall be binding upon seller, her successors and assigns:

---

1. OCGA § 44–6–1 (1982): Rule against perpetuities; exception for certain trusts for employees.

 (a) Limitations of estates may extend through any number of lives in being at the time when the limitations commence, and 21 years, and the usual period of gestation added thereafter. The law terms a limitation beyond that period a

perpetuity and forbids its creation. When an attempt is made to create a perpetuity, the law will give effect to the limitations which are not too remote and will declare the other limitations void, thereby vesting the fee in the last taker under the legal limitations. ....

"If Grantor, her successors or assigns desire to accept a bona fide offer to purchase a parcel of property adjacent to the above-described property known as lot #15 of the Cleo Jenkins Wauka Mountain property as shown by a plat by Farley Collins & Associates, then Grantor shall first offer to sell such property to the Grantee at a price not to exceed the price and on the same terms and conditions offered by the prospective purchaser. Grantor's offer to Grantee shall set forth the name and address of the prospective purchaser and the price and all material terms and conditions of the prospective Purchaser's offer. Grantee shall have a period of 20 days after receipt of the offer from Grantor within which to accept. In the event Grantee accepts the offer within the time specified above, said property shall be sold to the Grantee upon the terms and conditions offered by the prospective purchaser. It is specifically provided, however, that the first refusal rights of the Grantee shall in no way affect the right of the Grantor, her successors and assigns, to encumber said property for the purpose of borrowing funds and shall in no way affect their right to grant a security interest in said property to any lending institution or person."

4. This right of first refusal was negotiated by the parties and a portion of the $100,000.00 consideration paid by Cooley for lot 16 was for this right;

5. In addition, the contract required that the seller refrain from entering into certain commercial arrangements:

11. Neither the seller nor her successors or assigns shall sell, lease, or enter any other arrangement whereby the following individuals, firms or corporations, their successors or assigns, shall locate or have the right to locate any commercial communications equipment or towers or conduct any communications activities on lot 15 of the Cleo Jenkins Wauka Mountain property as shown by said plat of Farley Collins Associates dated June 19, 1981, and in the event seller, her successors or assigns shall convey lot 15 to any other person, the deed to said party or parties shall contain a covenant running with the land prohibiting the use of such property as set forth herein. ... (Chart omitted).

The above-stated restrictions shall not be limited to the numbered frequencies set forth herein, but shall be limited to the number of repeaters and other pieces of communications equipment existing as of the date of this agreement.

6. On July 27, 1981, grantor Jenkins conveyed lot 16 by Warranty Deed to grantee Cooley;

7. The Warranty Deed was a pre-printed form which recited certain standard language and reserved blank spaces for the parties to particularize the transaction appropriately;

8. The language regarding grantee Cooley's right of first refusal was typed into part of the space reserved on the printed form Warranty Deed deed as had been agreed upon in ¶ 8 of the sales contract;

9. As part of the pre-printed language on the Warranty Deed was the following:

WHEREVER there is a reference herein to the GRANTOR or the GRANTEE, the singular includes the plural and the masculine includes the feminine and the neuter, and said terms include and bind the heirs, executors, administrators, successors and assigns of the parties hereto.

10. On December 18, 1981, Jenkins executed a quit claim deed to Wauka, Inc., a family-owned corporation, giving to Wauka, Inc. the Cleo Jenkins real property, including the previously mentioned lot 15;

11. On September 7, 1982, Wauka, Inc. filed a Chapter 11 petition;

12. On September 24, 1983, pursuant to this court's order, lot 15 was auctioned off for $44,690.00 to Sosebee, the highest bidder, without Sosebee's knowledge of the existence of Cooley's right of first refusal.

13. On November 14, 1983, after the debtor had been made aware of Cooley's desire to exercise his right of first refusal,

the debtor's attorney requested direction from the court regarding the conveyance of lot 15;

14. Prior to September 24, 1983, Cooley had not been aware of either the auction of lot 15 or the December 18, 1981 quit claim deed from Jenkins to Wauka, Inc.;

15. Upon hearing of the auction, Cooley contacted the debtor, seeking to enforce his right of first refusal;

16. A hearing on this matter was held and post-hearing briefs were submitted.

### DISCUSSION

 The court has reviewed the decisions cited by Sosebee and Cooley concerning the violation of the rule against perpetuities contention. The court holds there has been no violation. The critical fact controlling the instant proceeding is that Cooley's right of first refusal is personal to him. The duration of this right is the lifetime of Cooley and thus within a life in being. An analysis of the agreement comprised of the sales contract and Warranty Deed,[2] negotiated by Cooley and Jenkins, which provided the right of first refusal establishes this conclusion.

 Sosebee's argument supporting a violation is based upon the pre-printed language appearing on the Warranty Deed which stated that "said terms include and bind the heirs, executors, administrators, successors and assigns of the parties hereto." The argument is unpersuasive because it ignores the difference between the typewritten portion of the warranty deed and the pre-printed form portion. As against this general pre-printed form language is the language of the sales contract and Warranty Deed particularized and negotiated in accordance with the existing factual circumstances. Where general, pre-printed form language is inconsistent with particularized, negotiated language,

the latter controls. See OCGA § 13-2-2(7) (1982); *Hodson v. Whitworth,* 153 Ga.App. 783, 786, 266 S.E.2d 561 (1980); *Hamlin v. Timberlake Grocery Co.,* 130 Ga.App. 648, 652, 204 S.E.2d 442 (1974). The language in the sales contract and incorporated into the warranty deed compelled the *grantor, "her successors or assigns"* to give the grantee the opportunity to exercise his right of first refusal. Comparable language which would have extended the grantee's interest to his "successors or assigns" is absent. The court finds this absence of typewritten "successors or assigns" language as applied to grantee Cooley in the contract and Warranty Deed critical: the negotiated and particularized language not only compelled grantor Jenkins to give the grantee Cooley a right of first refusal, but the grantor Jenkins' "successors or assigns" were also to be so compelled. They were to be compelled, however, only for the duration of the grantee Cooley's lifetime absent the comparable "successors or assigns" language modifying the grantee.

The court's finding that Cooley's right of first refusal was personal and exercisable solely by him is supported by further study of the sales contract. The document appears to be precisely tailored to the needs and wishes of the parties. The language used by the drafters displays a deliberate choice to vary the language to reflect the particular circumstances. Thus, paragraph one identifies the parties directly involved in the immediate transaction, the seller Jenkins and the buyer Cooley. There is no reference to "successors or assigns" of either party. As already noted, paragraph 8 compels the "grantor, *her successors or assigns"* to provide the right of first refusal to the grantee, but not to the grantee's successors or assigns. Paragraph 11 prevents the "seller 'her successors or assigns'" from entering into certain relation-

---

**2.** The court finds that the agreement between Jenkins and Cooley is evidenced by both the sales contract and warranty deed. Although generally a sales contract is merged into the subsequent deed, in the present circumstances the sales contract which imposed post-warranty

deed obligations upon the seller, "her successors or assigns" was not merged into the warranty deed. *See Knight v. Hedden,* 112 Ga.App. 847, 146 S.E.2d 556 (1965); *Cullens v. Woodruff,* 137 Ga.App. 262, 223 S.E.2d 293 (1976).

ships with specific "individuals, firms or corporations, their *successors or assigns.*" It is clear from these instances that the language "successors or assigns" was present or absent by conscious design.

Cooley's right of first refusal permitted him no more than the opportunity to buy lot 15 under the identical terms of a bona fide offer. Because Sosebee's participation in the auction was without accurate information as to the existence of Cooley's right, Sosebee will be allowed to submit another bid to the trustee. Cooley will then be permitted to exercise his right of first refusal pursuant to the terms of the agreement he originally negotiated with Jenkins, her successors or assigns. The sale of the property under this method will then be ratified by the court.