## MANN & MELTON *v.* GLAUBER & ISAACS.

LUMPKIN, J.—1. The charge complained of, to the effect that, in the absence of an agreement to the contrary, delivery to a common carrier is delivery to the consignee, was correct. *Falvey & Co.* v. *Richmond*, 87 *Ga.* 99.

2. The request to charge, while in some respects legal and pertinent, contained at its conclusion expressions calculated to confuse and mislead the jury, and was therefore properly refused; the evidence fully warranted the verdict, and there was no error in denying a new trial. *Judgment affirmed.*

June 10, 1895. ATKINSON, J., disqualified and not presiding.

Complaint on account. Before Judge SWEAT. Appling superior court. September term, 1894.

Glauber & Isaacs sued Mann & Melton upon an account for certain goods, and obtained a verdict for the

amount sued for. Defendants' motion for a new trial was overruled, and they excepted. The motion alleged that the verdict was contrary to law and evidence; and that the court erred in charging the jury, that if they believed from the evidence that plaintiffs had sold a bill of goods to defendants, and had delivered said goods so ordered or purchased by defendants on a boat therein named, to be delivered to defendants at their landing at Piney Bluff on the Altamaha river, the delivery on the boat was a delivery to defendants, in the absence of a direct contract that the defendants would not be liable unless the goods were received by them. Also, that the court erred in refusing to charge, as requested: "Generally, the delivery of goods is essential to the perfection of a sale. The intention of the parties to a contract may dispense therewith. Delivery need not be actual. Constructive delivery may be inferred from a variety of facts. Until delivery is made or dispensed with, the goods are at the risk of the seller, unless it was so understood and agreed at the time of the delivery of the goods, or at the time of the contract for the sale of the goods, that they were to be shipped by the boat at the risk of the defendants."

G. J. HOLTON & SON, for plaintiffs in error.
GRAHAM & PARKER, contra.