(28 Misc. Rep. 177.)

RHIND v. STAKE et al.

(Supreme Court, Appellate Term. June 28, 1899.)

BAILEES FOR HIRE—ASSUMPTION OF RESPONSIBILITY TO DELIVER BAILMENT—CONSIGNMENT BY EXPRESS—LIABILITY FOR NONDELIVERY.

Plaintiff left her furs with defendants to be stored, and they valued them at $250. On calling for the furs, defendants informed her that they could not then deliver them, but that they would send them the following Monday. On being informed where she lived, defendants' bookkeeper asked what express company went there, and was informed by plaintiff's husband, who was with her. Defendants subsequently shipped the furs by the express company named, and took a receipt in their own names, which did not state their value, and limited the express company's liability to $50 only, in case of their loss, which thereafter occurred. Had defendants disclosed their true value, and paid a small additional sum, the company would have insured them against loss to their full value. Held, that defendants assumed responsibility for the delivery of the furs, and that in expressing them as they did they were not agents of plaintiff, and hence remained liable for their nondelivery.

Appeal from municipal court, borough of Manhattan, First district.

Action by Agnes Massey Rhind against Emil Stake and another. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVEN-TRITT, JJ.

M. W. Divine, for appellants.

Phillips & Avery, for respondent.

FREEDMAN, P. J. This action was brought to recover for the value of a set of sable furs and a Persian lamb coat, which were delivered to the defendants for the purpose of being repaired and stored. The pleadings were oral. The plaintiff claimed damages for the loss of the goods by reason of defendants' negligence. The plaintiff recovered a judgment for the value of the property.

The testimony in the case is substantially undisputed. It appears that on March 31, 1898, the plaintiff left the furs in question with the defendants, taking therefor a receipt in writing, which receipt contained an acknowledgment on the part of the defendants that the goods were received for storage, that their value was $250, and that

the charges for storage was the sum of $7.50.    In November following, the plaintiff and her husband called at the office of defendants, and asked for the furs.    They were told that the goods were in Fifth avenue, and that the defendants could not then give them to the plaintiff, but would send them on the Monday following.    The plaintiff then informed the bookkeeper of the defendants, with whom the conversation was had, that she (plaintiff) was living at Closter, N. J., and told him to send the furs there.    The bookkeeper asked what express company went to that place, and the plaintiff's husband replied. "Wells & Fargo."    The defendants subsequently shipped the furs by the Wells & Fargo Express Company, to Closter, N. J., and took a written receipt in their own names, which did not state the value of the goods, and limited the express company's liability, by its terms, to the sum of $50 only, in case of their loss.    It also appeared that had defendants, when asked by the express company, disclosed the true value of the goods, and paid a small additional sum on such value, the express company would have insured the goods against loss to their full value.    The goods were never delivered to plaintiff, for what reason does not appear.

The defendants were bailees for hire, and, the plaintiff having proved the deposit of the goods and the failure to produce them upon demand, the defendants must excuse the failure by bringing themselves within one of the well-recognized exceptions (Lockwood v. Warehouse Co., 28 App. Div. 68, 50 N. Y. Supp. 974), which is that the goods were lost without fault or negligence on their part (Lichtenstein v. Jarvis, 31 App. Div. 33, 55 N. Y. Supp. 605).    The defendants have failed to bring themselves within the requirements of the above rule. They failed to deliver the goods to plaintiff in person, when called upon, and, by offering to send them on the following Monday, they assumed the responsibility of their delivery.    The request to send them to Closter, N. J., and the information given them that the Wells & Fargo Express Company line ran to that place, are not sufficient to relieve them from liability for the nondelivery of the property; and inasmuch as the receipt taken by the defendants from the express company was taken in their own names, and they had no authority from the plaintiff to accept a limited liability on the part of the express company, there is, under all the circumstances disclosed, sufficient evidence in the case to sustain the finding of the trial judge to the effect that, in sending the goods by express in the manner they did, the defendants were not the agents of the plaintiff, and that they remained liable for their nondelivery.    The judgment must therefore be affirmed, with costs.

Judgment affirmed with costs to respondent.

LEVENTRITT, J., concurs; MacLEAN, J., in result.