(36 Misc. Rep. 179.)

## BLUM v. MONAHAN.

(Supreme Court, Appellate Term.    October, 1901.)

1. CARRIERS—LOSS OF GOODS.

Where a carrier loses all trace of goods admittedly received by him, he is liable to the owner for their value, and such liability is not affected by a receipt providing for a liability of $50 only unless a greater value is stated; such receipt containing no stipulation relieving the carrier from his own negligence.

2. SAME—LIABILITY.

Where the receipt of goods is admitted by a carrier, their disappearance only cannot exonerate him, unless he shows that the loss was not the result of his own negligence.

Appeal from municipal court, borough of Manhattan, First district.

Action by Joseph Blum against Thomas J. Monahan. From a judgment for plaintiff for a less amount than claimed, he appeals. Reversed.

Argued before FREEDMAN, P. J., and McADAM and GILDERSLEEVE, JJ.

Rose & Putzel, for appellant.

William H. Klinker, for respondent.

FREEDMAN, P. J. This action was brought to recover the sum of $147.28, damages resulting from the loss of goods intrusted to the defendant, as a common carrier, for delivery to a customer of the plaintiff; the defendant having failed to deliver the same, the goods being lost while in his custody. The liability of the defendant is admitted, the only issue being as to the amount.

The defendant contends that the goods were received under and in pursuance of a written contract limiting his liability. The contract referred to, and upon which the defendant relies to absolve him from the payment of the value of the goods, reads as follows:

"It is mutually agreed that the liability of Monahan's Express will not exceed $50 unless a greater value is stated or receipted for. Accidents caused by fire or water while on transit, at owner's risk. Articles of glass, or contained in glass, received at owner's risk."

It is admitted that the goods in question were taken by the defendant to his place of business, there sorted for delivery, and placed with other goods to be delivered along the same route; that while upon his premises and in his care the goods disappeared; and that, although diligent search has since been made for them, no trace thereof has been discovered. The goods were never delivered at their place of destination, nor returned to the plaintiff. An examination of the printed clause referred to shows that it in no way relieves the carrier from liability for losses resulting from its own negligence. Westcott v. Fargo, 61 N. Y. 542, 19 Am. Rep. 300; Lowenstein v. Lombard, Ayres & Co., 164 N. Y. 324, 58 N. E. 44; Nicholas v. Railroad Co., 89 N. Y. 370; Magnin v. Dinsmore, 56 N. Y. 168. The defendant herein having admitted the re-

ceipt of the goods, it devolved upon him to show that their loss occurred through no negligence or fault upon his part, and this burden rests upon him. Lichtenstein v. Jarvis, 31 App. Div. 33, 52 N. Y. Supp. 605; Rhind v. Stake, 28 Misc. Rep. 177, 59 N. Y. Supp. 42; Lockwood v. Warehouse Co., 28 App. Div. 68, 50 N. Y. Supp. 974. This the defendant failed to do, the fact of mere disappearance not being sufficient to exonerate the carrier from liability. See cases cited.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to appellant to abide event. All concur.