SCHMEICHEL, Respondent, v. SCHMEICHEL, Appellant. (Supreme Court, Appellate Division, Fourth Department. October 7, 1902.) Action by Emma Schmeichel against Bernard Schmeichel. No opinion. Order affirmed, with costs.

---

SCHRODT, Appellant, v. GLAVIN et al., Respondents. (Supreme Court, Appellate Division, Third Department. September 9, 1902.) Action by Frederick M. Schrodt against John Glavin and James E. Glavin. No opinion. Appeal dismissed, without costs.

---

SCHULTZ v. GUTMAN et al. (Supreme Court, Appellate Division, First Department. October 17, 1902.) Action by Mary C. Schultz against Alma Gutman and others. No opinion. Motion denied, with $10 costs.

---

SEBRING et al., Respondents, v. LOVELL, Appellant. (Supreme Court, Appellate Division, Fourth Department. October 7, 1902.) Action by James O. Sebring and another against Charles H. Lovell. No opinion. Judgment affirmed, with costs.

---

In re SHELDON. (Supreme Court, Appellate Division, Fourth Department. October 17, 1902.) In the matter of the estate of David W. Sheldon, deceased. No opinion. Motion for modification of order denied, without costs.

---

SIMON, Respondent, v. DUNLAP'S EXP. CO., Appellant. (Supreme Court, Appellate Term. June, 1902.) Action by Jacob C. Simon against Dunlap's Express Company. Louis W. Stotesbury, for appellant. Charles L. Hoffman, for respondent.

MacLEAN, J. Certain bailees of the plaintiff, acting through their messenger, delivered to the defendant, a common carrier, a parcel of laces addressed to the plaintiff, and the owner at the same time told the person who received the goods for the company that he should be very careful with the package, as they were expensive curtains. The goods were not delivered. Nor upon the trial of this action, brought for the recovery of their value, did the defendant offer anything in defense, excepting a receipt taken by the bailees on the defendant's printed form upon the bottom of which were the words: "It is agreed that we shall not be held liable or responsible, nor shall any demand be made upon us beyond the sum of $50, at which sum said property is hereby valued, unless the just and true value thereof is stated herein, nor upon any property or thing unless properly packed and secured for transportation." Upon its failure to deliver the parcel, the plaintiff, under the doctrine of Swift v. Steamship Co., 106 N. Y. 206, 12 N. E. 583, was entitled to maintain this action against the defendant for the value of his goods delivered by those acting for him and received for transportation. His recovery is not limited to the amount fixed in the receipt, which does not protect the carrier against its own negligence, especially in the absence of explanation of nondelivery. Magnin v. Dinsmore, 56 N. Y. 168; Blum v. Monahan, 36 Misc. Rep. 179, 73 N. Y. Supp. 162. The judgment should be affirmed. Judgment affirmed, with costs. All concur.

---

SINGER v. NEW YORK TIMES CO. (Supreme Court, Appellate Division, First Department. October 17, 1902.) Action by Mendel Singer against the New York Times Company. No opinion. Motion denied, with $10 costs.