HIRSCH et al. v. NEW YORK DISPATCH & DELIVERY CO.

(Supreme Court, Appellate Term. May 11, 1903.)

1. CARRIERS—CONTRACTS LIMITING LIABILITY—NONDISCLOSURE OF VALUE.
    A carrier can claim the benefit of a contract of carriage limiting its liability to a certain sum, unless the true value of the goods is stated, where it showed that, where the value of the goods was stated or known to be in excess of that sum, it took special care of them, and made special arrangements for their delivery, and made an additional charge, and the shippers failed to show any affirmative act of wrongdoing on the carrier's part.

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Samuel Hirsch and others against the New York Dispatch & Delivery Co.   From a judgment for plaintiffs, defendant appeals.   Modified and affirmed on condition.

Argued before FREEDMAN, P. J., and TRUAX and GILDERSLEEVE, JJ.

Reeves, Dodd & Swain (Herbert Reeves and Alex. T. Rowlan, of counsel), for appellant.

Joseph Wilkenfeld, for respondents.

FREEDMAN, P. J.   This action was brought to recover from the defendant, the New York Dispatch & Delivery Company, the sum of $192.60, the value of a package of dress skirts delivered by the plaintiffs to the defendant on the 7th day of March, 1902, for the purpose of transportation, by the defendant, to the address thereon written.   The package was delivered to the defendant under a special contract, the terms of which were expressed in a bill of lading or shipping receipt which was given by the defendant's agent to the plaintiffs at the time when the package came into the defendant's custody for shipment.   The only provision of this contract now material is as follows:

"The company shall not be held responsible, nor shall any demand be made upon said company beyond the sum of fifty dollars for each article herein receipted for, unless the just and true value thereof is stated herein."

No value was stated at the time of shipment, nor was any value inserted in the receipt.   The goods were not delivered by the defendant to the consignee, and the defendant showed by its witness McLoughlin, whose testimony is uncontradicted, that it traced the goods into its depot, but was unable to get any further trace of the package.   It showed also that this package was used the same as all other packages delivered to it for transportation, which were not specially valued.   The case of Bernstein v. Weir, as President of the Adams Express Company (decided at the present term of this court) 83 N. Y. Supp. 48, contains such a full discussion of the legal questions arising upon special contracts of common carriers, their right to make such contracts, and their liability thereon according to the provisions peculiar to each contract, that a reference to said case is all that is necessary here.   In it the distinction between the baggage cases and the freight cases was clearly pointed out. The case at bar is a freight case, resting upon a special contract, which, although it contains a limited liability clause in case the just and true value of the merchandise is not disclosed, contains no stipulation against the carrier's negligence.   If, therefore, there were no other facts than those already stated, the case would be controlled by the decisions of this court in Blum v. Monahan, 36 Misc. Rep. 179, 73 N. Y. Supp. 162, and Simon v. Dunlap's Exp. Co., 38 Misc. Rep. 775, 78 N. Y. Supp. 1136.   But the defendant further showed affirmatively that, in case any packages received by it were mentioned or known to be of a value of more than $50, it took special care of them by placing them in its inner office, and making special arrangements for their delivery, and also that an additional charge was made for

the delivery of packages valued at more than $50. The plaintiffs having shown mere ordinary neglect in the defendant, and failed to show some affirmatively act of wrongdoing, the additional facts just referred to bring the case within the decisions of Rowan v. Wells, Fargo & Co., 80 App. Div. 31, 80 N. Y. Supp. 226, and Magnin v. Dinsmore, 70 N. Y. 410, 26 Am. Rep. 608, and the defendant may invoke the benefit of the limited liability clause.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event, unless the plaintiffs stipulate that the amount of the judgment be reduced to $50, in which event the judgment is to be modified accordingly, and, as so modified, affirmed, with costs of the appeal to the defendant, it having been admitted at the trial that before the commencement of the action the defendant tendered to the plaintiffs the sum of $50. All concur.