5355.   McCook *v.* HALLIBURTON-MYERS COMPANY.

ROAN, J. · 1. In the absence of an agreement to the contrary, delivery of freight to a common carrier is regarded as delivery to the consignee. *Mann* v. *Glauber,* 96 *Ga.* 795 (22 S. E. 405) ; *McCullough* v. *Armstrong,* 118 *Ga.* 424 (45 S. E. 379). This rule may, however, be varied by agreement. If goods in a sound condition are delivered to a common carrier, and are found in a damaged condition when they arrive at their destination, the question of the consignee's right to reject the goods would depend upon the terms of the contract with the shipper.

2. Where one by letter orders goods to be shipped by freight and agrees to pay·a specified sum for the goods "delivered in Macon," and nothing more appears, the expression thus used is ambiguous, and parol evidence is admissible to explain whether this language meant merely that the seller should pay the freight or whether the parties intended that the title should not pass into the purchaser until the goods reached Macon. The trial court erred in declining to permit the expression above quoted to be explained by parol, and in holding, as a matter of law, that, under the contract between the parties, title to the goods did not pass until after they reached their destination.    *Judgment reversed.*
    DECIDED JANUARY 27, 1914. REHEARING DENIED FEBRUARY 4, 1914.

Complaint; from city court of Macon—Judge Hodges.   October 18, 1913.

*Newman & Newman,* for plaintiff in error.
*Mallary & Wimberly,* contra.

### ON MOTION FOR REHEARING.

Counsel for the losing party contends that the court has overlooked a well-settled rule of practice in sustaining the assignment of error complaining of the refusal to permit a witness to explain the expression "delivered in Macon," in that it does not appear from the assignment of error what answer to the question was

expected. An examination of the record shows that counsel is correct in this contention, and that the assignment of error should not have been considered. It does not follow, however, that the judgment in this case should be changed. The main ruling made by the court was to the effect that the case depended absolutely upon the meaning of the words, "delivered in Macon," as used in the letter written by one of the parties, and that this expression was ambiguous; and the court was not authorized to hold, as a matter of law, that, under the contract between the parties, title to the goods did not pass until after they reached their destination. We are satisfied with the correctness of this decision, and adhere to the judgment of reversal. The case should be tried again and the parties should be allowed to explain what their real contract was.

*Rehearing denied.*