12078.   AARON, executrix, *v.* OLD KENTUCKY MFG. CO.

1. There was no harmful error, if error at all, in sustaining paragraphs 1 and 3 of the demurrer to the original answer, in view of the amendment to the answer, subsequently allowed.

2. Under the facts of the case the court erred in directing a verdict for the plaintiff.

DECIDED APRIL 14, 1921.

Complaint; from city court of Statesboro — Judge Proctor. December 16, 1920.

The original answer was as follows: Paragraph 1: "Defendant denies paragraphs 1 and 2 of plaintiff's petition" (which allege unpaid indebtedness on a written contract attached to the petition). Paragraph 2: Even if the alleged contract was made, there was no legal obligation to accept such of the goods as arrived at Aaron, Ga., if any ever arrived there. The said Aaron station is on the Midland Railroad, and is and was then a non-agency, pre-pay station; the goods were shipped without prepaying the freight, and therefore did not reach Aaron station as ordered. Paragraph 3: The said C. B. Aaron, by his agent H. G. Aaron, countermanded said order before arrival of any of the goods at Aaron, Ga., and in ample time for the plaintiff not to have shipped any of the goods, but, in disregard of the countermand, a part of the goods, according to defendant's information and belief, were shipped; and therefore defendant denies liability on the contract. The plaintiff demurred, on the grounds, that no legal defense was set out, and that the answer was defective because not sworn to, the suit being based upon an unconditional contract in writing. Paragraphs 2 and 3 of the petition were demurred to, and it was moved to strike them, for the reason that they were irrelevant, immaterial, and set out no legal defense. The demurrer was sustained as to paragraphs 1 and 3, and overruled as to paragraph 2. The defendant then amended the answer as follows: (1) Defendant is not liable on the contract sued on, because the plaintiff breached the said contract, in that the freight on the goods was not prepaid at the shipping point, as provided therein. (2) Plaintiff failed to deliver the goods at Aaron, Ga., as ordered. (3) Plaintiff failed to deliver the goods at the shipping point. (4) Because of said breach on the plaintiff's part, the consideration of the said agreement has failed.

The alleged contract was in the form of an order to the plaintiff, addressed to Paducah, Kentucky, and reading as follows: "Please ship the following order, which will be accepted immediately upon arrival at destination, and failure to do so makes this bill due

and payable at once. Name C. B. Aaron. . . Post-office Aaron, Ga. R. R. Midland. . . Shipping point Aaron, Ga., on Midland. Freight allowed F. O. B. Paducah, Ky. [The goods ordered are here specified] . . For which I agree to pay $89.00, on 90 days. . . Salesman H. E. Cortland. . . Signature C. B. Aaron. There are no other agreements except those specified on this order. Date bought 8-14-17. Received Aug. 17, 1917. Billed Aug. 17, 1917."

*Francis B. Hunter,* for plaintiff in error.

*Fred T. Lanier,* contra.

BROYLES, C. J. This was suit upon a contract for the agreed price of certain goods alleged to have been shipped by the plaintiff from Paducah, Kentucky, to C. B. Aaron at Aaron, Georgia — a non-agency prepaid station on the Midland Railroad. The undisputed evidence showed that the goods were never received by Aaron, but the plaintiff showed that they were delivered to the carrier at Paducah, Kentucky. Ordinarily, delivery of freight to a common carrier is in law delivery to the consignee, but this rule can be varied by agreement. *McCook* v. *Halliburton-Myers Co.,* 14 *Ga. App.* 381 (80 S. E. 863). In the instant case the original contract is ambiguous in respect to whether the goods were to be shipped free on board at Paducah, the freight to be paid by the consignee and deducted on payment of the bill for the goods, or whether the freight was to be prepaid by the shipper. The case turned on question, and the ambiguous contract should have been submitted to the jury for construction, with appropriate instructions thereon from the court. It follows that the court erred in directing a verdict for the plaintiff.

*Judgment reversed. Luke, J., concurs. Bloodworth, J., concurs specially.*

BLOODWORTH, J., concurring specially. I do not think the original contract or order is ambiguous. It clearly shows that the plaintiff, the shipper, was to prepay the freight. A witness for plaintiff swore: " Transportation charges were not prepaid." H. G. Aaron, a son of the purchaser (who was dead), swore: " Aaron, Georgia, is a non-agency, prepay station, and was at the time these goods were ordered. These goods never arrived at Aaron, Georgia, as ordered over the Midland Railroad. No delivery was ever made to my father in his lifetime, nor to any of us since his death.

We never got the bill of lading covering this shipment at all." It was also shown and undisputed that "in the event freight is shipped to Aaron, Georgia, and the freight is not prepaid, it is held up in transit and not allowed to be sent there until the freight is fully prepaid." The order provided that the freight should be prepaid. This was not done. The goods never arrived at Aaron. Therefore I think the judge erred in directing a verdict for the plaintiff, and I concur in the judgment of reversal.