Complaint; from city court of Louisville—Judge Barwick.  May 2, 1925.

*W. T. Revell,* for plaintiff.

---

### 16629.  MORGAN *v.* COLT COMPANY.

BELL, J.  1. "When a contract fixes no time for performance, it is to be construed as allowing a reasonable time for that purpose; and what is a reasonable time is a matter of fact to be determined by a jury under all the circumstances of the case."  *Bearden Mercantile Co.* v. *Madison Oil Co.,* 128 *Ga.* 695 (3) (58 S. E. 200).  See also *Chatham Ice*

*Cream Co.* v. *Sakakeeny*, 29 *Ga. App.* 768 (116 S. E. 558), and cases cited.

2. Where an instrument was signed by one party as the purchaser on June 3, 1920, and was to become effective as a contract of purchase and sale when accepted and signed by the other party as the seller, who accepted and signed the same on June 7, 1920, and the subject-matter of the contract was a lighting plant for the home of the purchaser, which, under the terms of the contract, was to be delivered within a reasonable time, it can not be said, as a matter of law, that the delivery on August 27, 1920, was not delivery within a reasonable time.

3. Assuming that a contract for the purchase and sale of such lighting plant, composed of a number of specified parts, the price of which was stated in the aggregate, was entire in the sense that it included as a part of the property sold an item specified therein as "one iron, free gratis," a substantial compliance with the terms of the agreement was all that was required of either of the parties. Civil Code (1910), § 4318; *Henderson Warehouse Co.* v. *Brand*, 105 *Ga.* 217 (2), 222 (31 S. E. 551); *Bandy* v. *Frierson's Sons*, 138 *Ga.* 515 (6) (75 S. E. 626). Where the entire plant, with the exception of a certain valve appurtenant to the "one iron, free gratis," was delivered within the time allowed under the contract and the seller notified the purchaser that such valve was not then in stock but would be subsequently forwarded, and "it was shipped later by express," the jury were authorized to find that the seller had substantially complied with his obligation to deliver the entire plant within a reasonable time; and this is true notwithstanding the purchaser testified that the plant would have been worthless to him without such valve, the circumstances authorizing a different conclusion by the jury.

4. "In the absence of an agreement to the contrary, delivery of freight to a common carrier is regarded as delivery to the consignee. *Munn* v. *Glauber*, 96 *Ga.* 795 (22 S. E. 405); *McCullough* v. *Armstrong*, 118 *Ga.* 424 (45 S. E. 379)." *McCook* v. *Halliburton-Myers Co.*, 14 *Ga. App.* 381 (80 S. E. 863). And where goods are sold under a written contract fixing the purchase price "f. o. b." the "factory or warehouse" of the seller, without any right being reserved by the buyer to designate the particular common carrier to which delivery shall be made, a delivery of the goods by the seller, at the seller's warehouse, to a common carrier for shipment to the purchaser, is delivery to the purchaser under the contract. *Farmers Cotton Oil Co.* v. *Brooke*, 14 *Ga. App.* 778 (82 S. E. 372).

5. When a contract of sale recited that the goods should be delivered f. o. b. the seller's factory or warehouse, and where the seller fulfilled his part of the contract by delivering the goods to a common carrier accordingly, this would be delivery to the purchaser, and was all that the seller was required to do; and if the purchaser refused to accept the goods from the common carrier, the seller is entitled to recover the contract price of the goods. In such case the seller may, if he choose, abandon the goods, and leave them in the hands of the carrier, and the rights of the vendor are not affected by the fact that the carrier subsequently sells the goods for freight and storage. This the carrier had

a right to do, and the purchaser should expect it, if he abandoned the property in the carrier's hands. *Castlen* v. *Marshburn*, 8 *Ga. App.* 400 (3), 404 (69 S. E. 317). The averment in the petition that the property had been sold by the carrier for freight being surplusage and unnecessary, it is immaterial that it was not proved.

6. A stipulation in a contract for the sale of goods, to be delivered within a reasonable time in the future and to be paid for on delivery, to the effect that the obligation of the purchaser was to bear no interest, did not mean that the purchaser would not be required to pay interest in case of and after his default, but was merely a provision against the payment of interest prior to the maturity of the purchase-money; and where the purchaser breached the contract by a failure to pay the purchase-money on the delivery of the goods, the seller was entitled to recover the agreed purchase-price as liquidated damages, with interest thereon from the time the purchaser was liable and bound to pay. Civil Code (1910), §§ 3431, 3434; *McCarthy* v. *Nixon Grocery Co.*, 126 *Ga.* 762 (4, 5) (56 S. E. 72); *Howard Supply Co.* v. *Bunn*, 127 *Ga.* 663 (4) (56 S. E. 567); *Rice-Stix Dry Goods Co.* v. *Friedlander*, 30 *Ga. App.* 312 (3) (117 S. E. 762).

7. The date of delivery being shown in the defendant's answer, and the jury having found that the delivery was made within a reasonable time, the verdict should have been for the amount of the purchase-money, with interest from that date in a sum separately stated, whereas the amount of the verdict was a lump sum including both principal and interest, and in this respect was erroneous and illegal; but since the error appears upon the face of the record, it may be corrected by amendment. Civil Code (1910), §§ 5694, 5695; *Corbett* v. *Gilbert*, 24 *Ga.* 454 (1); *Hardin* v. *Johnston*, 58 *Ga.* 522 (1); *Mitchell* v. *Henry Vogt Machine Co.*, 3 *Ga. App.* 542 (2) (60 S. E. 295).

8. There being ample evidence to support the verdict, and there being no error except as to the form of the verdict, the judgment overruling the defendant's motion for a new trial will be affirmed, with direction that the verdict and judgment be amended by separating the principal and interest.

*Judgment affirmed, with direction. Jenkins, P. J., and Stephens, J., concur.*

DECIDED NOVEMBER 17, 1925.

Action for breach of contract; from city court of Metter—Judge Lanier. June 9, 1925.

*Kirkland & Kirkland,* for plaintiff in error.

*Charles Emory Smith,* contra.