### 19324. BAER & SON v. HOOKS.

JENKINS, P. J. 1. In the absence of an agreement to the contrary, delivery of freight to a common carrier is regarded as delivery to the consignee. *McCook v. Halliburton-Myers Co.*, 14 *Ga. App.* 381 (80 S. E. 863); *Farmers Cotton Oil Co. v. Brooke*, 14 *Ga. App.* 778, 781 (82 S. E. 372); *Morgan v. Coll Co.*, 34 *Ga. App.* 630 (4) (130 S. E. 600). And "the execution of a bill of lading is not an indispensable prerequisite to a valid contract of affreightment, nor necessary to evidence such a delivery to a common carrier as will be the equivalent in contemplation of law to delivery to the consignee." *City of Bainbridge v. Smith*, 13 *Ga. App.* 790 (79 S. E. 1130); *Taylor v. Central of Ga. Ry. Co.*, 31 *Ga. App.* 374, 381 (121 S. E. 348). Such a rule presupposes, however, that the shipment is made in accordance with the terms of the contract of sale, and that the goods are consigned to the buyer, or that the bill of lading is indorsed or delivered so as to confer upon the buyer the right to receive the goods from the carrier without reservation. 35 Cyc. 317.

2. Whether or not, as between the consignor and the carrier, the consignor of property under a contract of affreightment has the right, subject to payment of the original charges, to direct a change in its destination so long as it is in the carrier's custody (*Southern Express Co. v. Fant Fish Co.*, 12 *Ga. App.* 447, 78 S. E. 197; *Baltimore & Ohio R. Co. v. Johnson-Battle Lumber Co.*, 37 *Ga. App.* 729, 730, 141 S. E. 678; 10 C. J. 84; 4 R. C. L. 834, § 287), such a right of diversion can not be exercised by a consignor seller as against the consignee purchaser, in the absence of an agreement with the consignee so authorizing, or a breach by the latter of the contract of sale, since such unwarranted diversion would amount to a breach of the sale contract between the seller and the consignee. Accordingly, where, as in the instant case, the shipment as originally made was consigned to a named consignee "for

diversion," such contract of affreightment between the shipper and the carrier did not confer upon the shipper an absolute right, as against the rights of the consignee, to divert the shipment, but the stipulation "for diversion" must be taken to relate to the right of the consignee to have the goods rerouted to its own customer.

3. Under the foregoing rulings, where an open shipment was made to a named consignee "for diversion," and, by agreement between the shipper and the consignee the contract of sale under which the shipment was made was rescinded, and the shipper thereafter sold the property to another purchaser as "now rolling," and the carrier agreed to divert the shipment to the latter, such diversion order amounted to a new contract of affreightment to the last purchaser as consignee, under its own contract of purchase and sale, and conferred upon him the right to receive the goods from the carrier, under his contract of purchase, without reservation. In such case the previous diversion order accepted by the carrier amounted to a redelivery of the property to the carrier for carriage to the new consignee, and constituted a delivery to the new consignee under the general rule that delivery to the carrier is delivery to him. See, in this connection, Myers *v.* Norfolk Southern Ry. Co., 171 N. C. 190 (88 S. E. 149).

4. In accordance with the foregoing ruling, in a suit by the second consignee to recover the purchase-price for the goods as paid by it to the shipper, the court did not err in sustaining the certiorari of the defendant brought to review the judgment of the municipal court in favor of the plaintiff. *Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED SEPTEMBER 9, 1929. REHEARING DENIED OCTOBER 4, 1929.

*Jones, Jones, Johnston & Russell,* for plaintiffs in error.
*Brock, Sparks & Russell,* contra.