## 29876. RICH'S INC. v. EMPIRE GOLD BUYING SERVICE INC.

DECIDED APRIL 1, 1943.

Haas, Gardner, Lyons & Hurt, for plaintiff in error.
Powell, Goldstein, Frazer & Murphy, James K. Rankin, contra.
STEPHENS, P. J. Empire Gold Buying Service Inc. brought

suit against Rich's Inc., to recover $2919.84, alleged to be due to the plaintiff by reason of the defendant's alleged negligence in re-shipping to the plaintiff a portion of merchandise representing jewelry, etc., of the value alleged, by the Railway Express Agency Inc., at a declared valuation of only $50, thus preventing a recovery from the express company for loss or damage to the shipment in an amount above $50—a sum far less than the actual value of the shipment. It appears from the allegations of the petition that on September 1, 1938, the defendant ordered from the plaintiff jewelry, etc., to be shipped on September 12, 1938, to the defendant, including that which was afterwards returned. On this order appeared: "Do not declare valuation on express shipments." The goods described had been shipped to the defendant on consignment; and there was transmitted to the defendant as of September 10, 1938, a writing denominated a "memorandum of agreement," in which it was recited that the goods should remain the property of the plaintiff and subject to the order of the plaintiff, but that in the event of loss or destruction of the goods or any portion thereof from any cause whatever, the consignee agreed to indemnify the plaintiff for any loss or destruction in the amount stated as the value of the goods; that the consignee agreed to keep the merchandise "insured against fire, theft, and burglary," until it reached the place of business of the plaintiff, in an amount not less than the value set forth in the memorandum, for the benefit of the consignor. This memorandum does not appear to have been signed by the defendant.

Empire Gold Buying Service Inc. is not in this case suing Rich's Inc. for breach of contract. It is suing in tort for alleged negligence of the defendant in reshipping to the plaintiff goods which belonged to the plaintiff under a declared valuation to the carrier of $50 only, without the consent or knowledge of the plaintiff, where the goods were in fact worth $2919.84; and it is alleged that this negligence of the defendant precluded the plaintiff from recovering more than $50 from the express company for the loss of the goods while in transit.

It is not necessary here to show actual negligence on the part of the carrier in the loss of the goods. In 55 C. J. 377, it is stated as follows: "In delivering goods to a carrier, the seller must not sacrifice the buyer's right to claim indemnity against the carrier

in case of loss or injury in transit; and if he does, the delivery to the carrier is not a delivery to the buyer, and the loss falls on the seller. Under this rule, where the seller in his contract with the carrier undervalues the goods without the knowledge or consent of the buyer, thereby limiting the carrier's liability, the risk of loss in transit falls on the seller." That principle is applicable to the case now before the court. In 8 C. J. S. 311, it is stated: "If it is the duty of the bailee to make delivery to the bailor personally, and he sends them by a common carrier, he assumes responsibility for their safe delivery, and is liable for their loss while in the possession of the carrier; so he is liable for damages resulting from a failure to place a proper valuation on the goods at the time of delivering them to the carrier." In Miller v. Harvey, 221 N. Y. 54 (116 N. E. 781, L. R. A. 1917F, 559), it is stated as follows: "The seller must not sacrifice the buyer's right to claim indemnity from the carrier. That rule was declared more than a century ago in Clark v. Hutchins, 14 East, 475. In that case the carrier gave notice that it would not be answerable for any package above 51 pounds without special entry of value. The seller omitted the entry, and was held to have assumed the risk. A more modern instance is a recent decision of the Supreme Court of the United States. Reid v. Fargo, 241 U. S. 544 (36 Sup. Ct. 712, 60 L. ed. 1156). An agent delivered an automobile to a carrier, and accepted a bill of lading by which liability was limited to $100. The acceptance of such a limitation was held to be a breach of duty." See *Southern Express Co.* v. *Pope,* 5 *Ga. App.* 689 (63 S. E. 809); *Baer* v. *Hooks,* 40 *Ga. App.* 425 (149 S. E. 719).

In Rhind v. Stake, 28 Misc. 177 (59 N. Y. Supp. 42), it appears that the plaintiff left furs valued at $250 with the defendants to be stored; that on the plaintiff's calling for the furs the defendants were unable to deliver them at the time but stated that they would send the furs to the plaintiff at a later date; that the defendants shipped the furs by an express company, and took a receipt in their own name which did not state the value of the furs, and thereby limited the express company's liability to $50 in case of the loss of the furs which thereafter occurred. The court held that the defendants assumed responsibility for delivery of the furs, and that in expressing them as they did they were not agents of the plaintiff and must remain liable for their non-delivery. In that case the

plaintiff, the owner of the furs, sued the defendants and recovered their value. The plaintiff claimed damages for the loss of the goods by reason of the defendant's negligence. The plaintiff requested the defendants to send the furs to the plaintiff's home in New Jersey, and agreed that the furs should be sent by the express company to the plaintiff's home; and the defendant subsequently shipped the furs by this express company to the plaintiff's home and took a receipt therefor in the defendant's name, which receipt did not state the value of the goods; and the express company was limited in liability to the sum of $50 in case of loss. The court stated as follows: "The request to send them to Closter, New Jersey, and the information given them [by the plaintiff] that the Wells & Fargo Express Company line ran to that place, are not sufficient to relieve them from liability for the non-delivery of the property; and inasmuch as the receipt taken by the defendants from the express company was taken in their own names, and they had no authority from the plaintiff to accept a limited liability on the part of the express company, there is, under all the circumstances disclosed, sufficient evidence in the case to sustain the finding of the trial judge to the effect that, in sending the goods by express in the manner they did, the defendants were not the agents of the plaintiff, and that they remained liable for their non-delivery."

The evidence was sufficient to authorize a verdict for the plaintiff on the alleged negligence of the defendant.

Since it appears conclusively from the evidence that Rich's Inc. was the bailee of the goods, and that the plaintiff was the bailor, and since the plaintiff bases its right to recover solely on alleged negligence of the defendant in shipping the goods to the plaintiff at the reduced valuation of $50 given to the carrier, without the plaintiff's knowledge or consent, the evidence admitted over the defendant's objection, which tended to show that the defendant was liable ex contractu, either as an insurer or otherwise, whether expressly by the memorandum of agreement or impliedly in correspondence between the plaintiff and the defendant, and any evidence with reference to whether or not the defendant had taken out insurance on the shipment which is the subject-matter of this suit, or goods in other transactions to which the defendant was a party, was irrelevant, immaterial, and prejudicial to the defendant, and

should have been excluded on objection. Since it appears in the memorandum of agreement, which was introduced in evidence over the defendant's objection, that the defendant would be liable for "loss or destruction of the goods or any portion thereof from any cause whatever," and that "the consignee agrees to indemnify Empire Gold Buying Service Inc. for the said loss or destruction in the amount stated herein as the value of the goods, which valuation the consignee accepts and agrees to be the fair value of the goods," it was error for the court to charge the jury that if the memorandum of agreement was assented to by the defendant and it became a contract between the parties, the defendant "would be bound by the terms thereof." The court erred in not granting a new trial.

*Judgment reversed. Sutton, J., concurs.*

FELTON, J., concurring specially. The only allegation of negligence in the petition is that Rich's Inc. failed to declare the full value of the goods to the express company. It is not alleged that Rich's Inc. was otherwise negligent or that the express company was negligent. It follows that on proof of loss of the goods no presumption arose that the goods were lost because of any negligence other than that alleged; and if the negligence alleged is not sufficient to establish the liability of the bailee, there is no presumption at all from the proof of the loss of the goods. In the absence of special contract, or a usage of trade, or habit of dealing between the parties, a bailee is not under a duty to insure goods entrusted to it. 6 Am. Jur. 320, 321, § 238; *Zorn* v. *Hannah,* 106 *Ga.* 61 (31 S. E. 797). The negligence charged against Rich's Inc. in this case is no more than a failure to insure the goods, for the simple reason that if Rich's Inc. had had transit insurance on the goods, it could not be said to have been negligent in failing to declare their full value to the express company. The declaration of full value and the payment of a higher transportation rate are simply another form of insurance, the premium being paid in the form of additional transportation charges. If Rich's Inc. was under no duty to insure the goods while in its possession, I can see no reason why it was under such a duty while the goods were in possession of an agent it had selected to deliver the goods to their owner. If the president of Rich's Inc. had himself undertaken to deliver the goods, the liability of his company would have depended on whether he exercised ordinary care in the protection of the iden-

tical goods, and not on whether the company failed to exercise ordinary care in insuring the goods against loss or obtaining an indemnity agreement from its president to save it and the owner harmless against loss.

I think the majority have misconceived the duty owed by the bailee. I think it was to exercise ordinary care in the safeguarding of the identical property with which it was entrusted, not in protecting its value, apart from the property itself. This suit is in tort, and recovery can be had only on the violation of a duty imposed by law outside of contract. The majority's citation from 55 C. J. 377, in my opinion has not the remotest application to this case. The rule there stated is that where one sells property to another and delivers it by common carrier, the rule that the title passes to the buyer on delivery to the carrier does not apply if the seller sacrifices the buyer's right to indemnity. There was no sale in this case. Neither is the rule quoted from 8 C. J. S. 311, applicable. That rule contemplates that there is a duty on the bailee to deliver the property *personally,* and instead of doing so he seeks to deliver by common carrier. There is no evidence of a duty to deliver personally in this case. I do not think the decision in the cited case of Rhind *v.* Stake, supra, is applicable. The pleadings in that case were oral, and it can not be determined whether the action was for breach of contract or in tort. There was an agreement by the bailee to deliver the bailed goods by carrier. The goods were not delivered; and the court simply held that the bailee was not the bailor's agent, and that shipment in the manner described did not relieve the bailee of liability for the non-delivery of the goods. There is another difference between the allegations of the bailor in the cited case and the instant case. In the cited case the allegation was that the goods were lost by reason of the negligence of the bailee. There was no demurrer, and the allegation covered any negligence for which the bailee would have been liable in law. In the instant case there was no general allegation of negligence, but it was merely alleged that the bailee was negligent in failing to declare the full value of the goods, which under the law of Georgia is no negligence at all, under the circumstances of this case. In their brief counsel for the bailor specifically contend that the terms of the bailment were fixed in the memorandum of

agreement. If that is true, an action in tort would lie only where the law fixed the same duty as the contract.

I concur in the judgment of reversal, for the reasons given by my colleagues; and I am of the opinion that under the allegations and facts the bailor was not entitled to recover in tort.